# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1896.

### Chicago & N. W. Ry. Co. v. Elida Hansen, by her Next Friend.

1. NEGLIGENCE—*A Question of Fact for the Jury.*—Whether the methods adopted by a railroad company were inconsistent with its duty to exercise reasonable care to avoid injury to people at a crossing, and whether a person injured exercised that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, are questions of fact for a jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

E. E. OSBORN, attorney for appellant; A. W. PULVER and L. W. BOWERS, of counsel.

L. M. ACKLEY, attorney for appellee; BRANDT & HOFFMANN, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Near the crossing of the tracks of the appellant and 48th avenue, in the city of Chicago, is a passenger station of the appellant commonly called Moreland.

That is the only crossing of the tracks between 40th and 52d avenues, a distance of more than a mile.

A witness, resident there, testified that the population of the vicinage was in the neighborhood of 5,000, and that he judged that 3,000 to 3,500 people passed that crossing daily.

July 29, 1894, between 8 and 8:30 P. M., a west-bound passenger train, on the south or left hand track of the double track, struck the appellee and inflicted upon her very severe injuries.

The only question argued by the appellant is her right to recover upon the evidence.

Gates were at the crossing, but they were up. No watchman or flagman was on guard. A freight train going east on the north track was belching smoke which obscured the view eastward, hiding the coming train, and by its rumble deadening the sounds therefrom.

Under these conditions the appellee, a girl between seventeen and eighteen years of age, stepped upon the crossing.

Whether the methods adopted by the appellant were negligent, inconsistent with its duty to exercise reasonable care to avoid injury to people at such a crossing, and whether the appellee exercised that degree of care which an ordinarily careful and prudent person would exercise under the circumstances, were questions of fact for the jury, and nothing can prevent verdicts against railroads for injuries so inflicted.

The event has shown that she was rash; but to an ordinarily prudent, intelligent person would her conduct, before the event, have appeared imprudent? C., M. & St. P. Ry. v. Wilson, 35 Ill. App. 346.

No comment can make clearer our reasons for holding that the judgment should not be reversed, and it is affirmed.


MR. JUSTICE WATERMAN.

I regard the fact that when appellee entered and was upon this crossing, the crossing gates were up, as the principal fact entitling her to recover.

When a railroad puts, in this city, the crossing gates up,

it is an implied statement by it that an opportunity is then afforded for people to cross; the statement would not have been more plain if its agent had there stood and thus proclaimed. That it did not operate the gates at night is no excuse; the ordinance declares that "said gates shall be operated day and night."