The Chicago and Alton Railroad Company

*v.*

Reuben Corson, Admr.

*Opinion filed June 19, 1902—Rehearing denied October 10, 1902.*

1. Railroads—*whether bell or whistle was sounded is a question of fact.* If there is a sharp conflict in the evidence as to whether a train sounded a bell or whistle when approaching a highway crossing, the finding of the jury, the trial court and the Appellate Court in the negative is conclusive upon the Supreme Court that no bell or whistle was sounded.

2. Same—*whether failure to give warning misled deceased is for the jury.* Whether defendant's failure to sound a bell or whistle misled plaintiff's intestate and caused her to drive upon the right of way under the belief that no train was approaching, the view being obscured, and whether, after being upon the right of way, she was guilty of such negligent conduct as would defeat a recovery, are questions for the jury under proper instructions.

3. Negligence—*when question of contributory negligence is for jury.* Whether the plaintiff's intestate was guilty of contributory negligence is for the jury, under evidence that she stopped her horse within a short distance of the crossing and sought by all means in her power to discover if a train was approaching; that she drove rapidly to the right of way and was suddenly confronted with a train coming at high speed, no bell or whistle having been sounded, and that in her excitement she attempted to cross the track instead of stopping or turning back.

4. Same—*rule where person is suddenly placed in peril.* If a person, without his fault, is confronted with sudden danger, the obligation resting upon him to exercise due care for his safety does not require him to act with the same deliberation and foresight which might be required under ordinary circumstances.

5. EVIDENCE—*when the admission of photographs is properly denied.* Photographs of the scene of a railroad accident taken nine months after the accident, when the natural surroundings, as shown by the evidence, had changed, are properly denied admission.

6. INSTRUCTIONS—*when instruction is not subject to criticism.* An instruction requiring the jury to find plaintiff's intestate was using due care for her safety "at the time and on the occasion of her being killed," is not subject to the criticism that it confines the attention of the jury to her exercise of due care only at the precise moment she was struck by the train.

*Chicago and Alton Railroad Co.* v. *Corson,* 101 Ill. App. 115, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PATTON, HAMILTON & PATTON, (WILLIAM BROWN, of counsel,) for appellant.

JAMES M. GRAHAM, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the appellee, as administrator, against the appellant, in the circuit court of Sangamon county, to recover damages for the wrongful killing of Rebecca Corson, his intestate, by being struck by a passenger train of appellant at a highway crossing in said county. The declaration contains two counts, the first of which avers that the deceased was killed at a highway crossing, while in the exercise of due care for her own safety, in consequence of the train being run at an excessive rate of speed; and the second, that, in addition to the train being run at an excessive rate of speed, appellant failed to ring a bell or sound a whistle when approaching said highway crossing, as required by statute, in consequence of which said intestate, while in the exercise of due care for her own safety, was struck and killed by said passenger train. The appellant filed the general issue. The jury returned a verdict in

favor of appellee for $4500, upon which judgment was rendered by the court, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The court instructed the jury, on behalf of the appellant, that, the point at which the deceased was struck and killed being outside of a city or village, it could not be held liable for the rate of speed at which the train was running if it was not otherwise at fault. This instruction was, in effect, a direction to the jury to disregard the first count of the declaration, and the case was submitted to the jury on the second count thereof.

The evidence introduced on behalf of the appellee tended to show that on the morning of September 9, 1900, the deceased, a young woman aged twenty-two years, in company with her brother, aged about eleven years, started with a horse and buggy from their father's residence in the country, half a mile east of the railroad, to go to Ashland to attend Sunday school; that the deceased knew the condition of the crossing and that the train was due about that time, but did not know whether it had passed or not. The view of the railroad, as it was approached by the parties, was obstructed by a hedge fence, willow trees and a field of corn. When within a short distance of the crossing, the deceased, who was driving, stopped the horse and listened. Not hearing the train and the view being obstructed, her brother stood up in the buggy and looked and listened, and not seeing or hearing the approaching train they drove rapidly forward to make the crossing. When the horse was within twelve or fifteen feet of the track the train was seen approaching from the north, some three hundred feet distant, whereupon the deceased struck the horse with the lines in an endeavor to hurry it forward and clear the crossing. The engine struck between the horse and the buggy, throwing the horse on one side of the track and the buggy on the other. The young woman was killed.

Her brother escaped without injury. The train was late, and running at from forty to fifty miles per hour. By reason of growing trees and other obstructions along the right of way the approaching train could not be seen until the parties were within about thirty feet of the track, and no whistle was sounded or bell rung as the train approached the crossing.

At the close of the evidence of appellee, and again at the close of all the evidence, the appellant moved the court to peremptorily instruct the jury to return a verdict in its favor, which the court declined to do, and the action of the court in this behalf is mainly relied upon by the appellant for a reversal of this case.

There was a sharp conflict in the evidence as to whether or not the bell was rung or the whistle sounded as the train approached the highway crossing at which appellee's intestate was killed. The jury, the trial judge and the Appellate Court having found that issue in favor of the appellee, it is conclusively settled in this court that the appellant failed to ring the bell or blow the whistle upon approaching said highway crossing. The appellant having failed and neglected to give the statutory signals, it was a question of fact for the determination of the jury, under proper instructions from the court, whether such failure and neglect misled the deceased and caused her to drive upon the right of way of appellant under the belief that no train was approaching; and, after she was upon the right of way, whether she was guilty of such negligent conduct as would defeat a right of recovery. Deceased, when approaching the crossing, stopped, and sought by all means within her power to discover if the train was approaching. Failing to see or hear the train she drove upon the right of way. Had the whistle been sounded or the bell been ringing, in all human probability the deceased would have heard the same and her life been spared, but not hearing the same she was lulled into a feeling of security and drove upon the right of

way. When upon the right of way she suddenly found herself confronted by a railroad train running at a high rate of speed. In her excitement and bewilderment she attempted to cross the track instead of stopping or turning back. The question of whether she was guilty of contributory negligence in attempting to cross the track under the circumstances disclosed by the evidence was not a question of law. If a person is placed in a situation where, without his fault, he is confronted with a sudden danger, the obligation resting upon him to exercise due care for his own safety does not require him to act with the same deliberation and foresight which might be required of him under ordinary circumstances. Mr. Thompson, in his Commentaries upon the Law of Negligence, (vol. 1, sec. 195,) lays down the rule, as follows: "Where one, *without his own fault,* is, through the negligence of another, put in such apparent danger as to cause him terror, loss of self-possession and bewilderment, and, as a natural result thereof, he, in attempting to escape, puts himself in a more dangerous position, he is not, as matter of law, chargeable with contributory negligence that will prevent him from recovering damages for the injury." And in section 192 of the same volume, in discussing the doctrine under consideration, he makes use of the following illustration: "Wherever A, by his conduct, induces B to think that he, A, is proceeding with due care when the contrary is true, and B receives an injury which he would have avoided if he had not been lulled into a feeling of security by this assurance, B has a case for damages against A. Thus, a traveler approaches a railway crossing at a point where the view is obstructed. He stops and listens for the customary signal, and, not hearing it, drives upon the track, is run over by a train and injured. He may recover damages of the railroad company. Having exercised what care he might, under the circumstances, the company will not be heard to say that he did wrong in accepting

their failure to blow the whistle (or ring a bell) as evidence that no train was near." In the cases of *Ernst* v. *Hudson River Railroad Co.* 35 N. Y. 9, and *Chicago, Burlington and Quincy Railroad Co.* v. *Triplett*, 38 Ill. 482, a recovery was allowed under circumstances similar to those stated in the above quotation. The court did not err in declining to take the case from the jury.

The appellant offered in evidence photographs, which were rejected by the court, of the scene of the accident, which were taken nine months after the accident took place and at a time when the evidence showed that the natural surroundings had been changed. In *Lake Erie and Western Railroad Co.* v. *Wilson*, 189 Ill. 89, we said (p. 96): "It is not error to exclude photographs taken a long time after the accident, where the situation has changed." We think the action of the court in rejecting said photographs was proper.

Complaint is made that the court improperly gave to the jury the first instruction offered on behalf of the appellee, on the ground that it confined the attention of the jury to the question whether or not the deceased was in the exercise of due care for her own safety at the precise moment when she was struck by the train. We do not think the instruction subject to criticism. The phrase, "at the time and on the occasion of her being killed," used therein, refers to the conduct of the plaintiff's intestate while approaching the railroad as well as while attempting to cross the same, leaving it to the jury to determine whether she used due care before she drove upon the track as well as while upon the track. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan*, 190 Ill. 217.

The modified and refused instructions offered upon behalf of the appellant were properly modified or refused.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*