### Chicago & Eastern Illinois Railroad Company v. Charles K. Olson, Admr.

#### Gen. No. 10,985.

1. CONTRIBUTORY NEGLIGENCE—*rule with respect to, in crossing accidents.* An inflexible rule cannot be laid down as to what constitutes contributory negligence on the part of a person who is struck by a railroad train while passing over the track upon which such train is moving; each case depends upon its own circumstances.

2. CROSSING GATES—*effect of, being open.* Where at the time when the plaintiff entered upon the tracks upon which he was injured, the crossing gates maintained by the defendant at the place of the accident, were open, and there was evidence tending to show that no bell was rung or whistle blown by the engine which caused the injury, it is proper to submit the question of the negligence of the defendant to the jury.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 18, 1904.

W. H. LYFORD and KENESAW M. LANDIS, for appellant; ALBERT M. CROSS, of counsel.

WING & WING, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Olaf Olson was struck and killed by a north-bound passenger train of appellant at the crossing of 24th place in Chicago; appellee, as his administrator, recovered in the Superior Court a judgment for $5,000 against appellant for wrongfully causing his death.

C. & E. I. R. R. Co. v. Olson.

The contention of appellant is that the deceased was guilty of contributory negligence.

Eight railroad tracks, running north and south, cross at grade 24th place, an east and west street.  On the first four tracks from the west appellant ran its trains.  A few feet east of these tracks was a tower house.  East and west of the entire system of tracks were crossing gates operated by compressed air from the tower house.  On the south side of the street, six feet west of the west rail of the west track, was a two-story house.  The tracks were straight for a mile or more south of the crossing.  The deceased drove upon the tracks from the west and the west gates were up when he did so.  He was struck while upon the fourth track from the west.  His view of the tracks to the southward was obstructed by the house on the south side of the street, until his horse reached the west gate, but from the time the deceased passed the west gate until he was struck, there was nothing to obstruct his view of the approaching train.

No inflexible rule can be laid down as to what constitutes contributory negligence on the part of a person who is struck by a railroad train when passing over the track upon which such train is moving.  Each case depends upon its own circumstances.  In 1 Thompson on Negligence, Sec. 192, quoted in C. & A. R. R. Co. v. Carson, 198 Ill. 98–102, it is said : " Whenever A by his conduct induces B to think that he, A, is proceeding with due care, when the contrary is true, and B receives an injury which he would have avoided if he had not been lulled into a feeling of security by the assurance, B has a case for damage against A. Thus a traveler approaches a railway crossing at a point where the view is obstructed.  He stops and listens for the customary signal, and not hearing it, drives upon the tracks, is run over by a train and injured.  He may recover damages of the railroad company.  Having exercised what care he might under the circumstances the company will not be heard to say that he did wrong in accepting their failure to blow the whistle or ring a bell as evidence that no train was coming."

A case almost identical in its facts with the case at bar is C. & A. R. R. v. Redmond, 70 Ill. App. 253, where a judgment for the plaintiff was affirmed. In Hansen v. C. & N. W. R. R. Co., 69 Ill. App. 17, Mr. Justice Waterman said : " I regard the fact that when appellee entered and was upon the crossing, the crossing gates were up, as the principal fact entitling her to recover. When a railroad company puts in this city, crossing gates, the crossing gates up is an implied statement by it that an opportunity is then offered for people to cross; the statement would not have been more plain, if its agent had there stood and thus proclaimed."

The deceased was at all times bound to exercise reasonable care for his own safety and if the evidence conclusively shows that he failed to exercise such care and that such failure contributed to his injury the judgment should be reversed; but in view of the admitted fact that the crossing gates were up, and the testimony of several witnesses that no bell was rung and no whistle blown until just as the deceased was struck by the train, and the other circumstances in evidence, we think it was a question of fact for the jury whether the deceased did exercise reasonable care for his own safety.

The judgment of the Superior Court will be affirmed.

*Affirmed.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.