MOLLY NUESSLE, Appellee, v. WESTERN ASPHALT PAVING CORPORATION, Appellant.

**APPEAL AND ERROR: Reservation of Grounds—Submission of Un-**
1  supported Issues. Error in submitting unsupported issues may properly be raised by exceptions to the instructions, and by embodying the exceptions in a motion for new trial, *even though complainant did not, at the close of the testimony, ask the court to withdraw the issue from the jury.*

**TRIAL: Instructions—Unsupported Issues.** Evidence reviewed, and
2  held quite insufficient to justify the submission to the jury of the issue of permanent injury.

*Appeal from Monona District Court.*—W. G. SEARS, Judge.

OCTOBER 17, 1922.

ACTION to recover damages to real and personal property for inconvenience and discomfort suffered by plaintiff, and for the impairment of her health, on account of the erection and operation of an asphalt plant near her residence. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Henderson, Fribourg & Hatfield* and *Robert B. Pike,* for appellant.

*Oliver & Allen* and *C. E. Underhill,* for appellee.

PER CURIAM.—The facts of this case are very similar to the

facts in *Andrews v. Western Asph. Pav. Corpn.*, 193 Iowa 1047, and the damages claimed are the result of the same cause. The plaintiff in that case resided on Lot 2, and the plaintiff in the present case on Lot 3, in Block 46 in the city of Onawa. The statement of the facts in the former case will suffice for the statement in this case, except that the evidence herein shows that plaintiff was the owner of the residence property in which she lived, whereas Mrs. Andrews occupied the property on Lot 2 as a tenant, and sought damages to the real property as the assignee of the owner. The elements of damage in the two cases are not in all respects the same, and so far as this is material, if at all, the distinction will be later pointed out. The issue of estoppel is the same in both cases, and the decision in *Andrews v. Asph. Pav. Corpn.*, supra, is controlling upon this point.

Plaintiff alleged, in an amendment to Count 5 of her petition, that her health was seriously and permanently affected, and that the impairment of her health continued to the present time, and is permanent. The court, in stating

1. APPEAL AND ERROR: reservation of grounds: submission of unsupported issues.

the issues to the jury, repeated almost verbatim the language of the petition upon this point. In Paragraph 17 of Instruction 20, the court said:

"You are instructed that the plaintiff must prove by a preponderance of the evidence that she was injured in her health and became nervous and ill by the acts of defendant substantially as charged in Paragraphs 6 and 7 of these instructions; and she must farther prove by a preponderance of the evidence that said acts referred to in Paragraphs 6 and 7 of this charge were proximate cause of the injury to her health and to her nerves, and she must farther show by a preponderance of evidence the amount of such damage to her health, as set forth in Paragraphs 6 and 7 of these instructions, not to exceed the sum of $3,500, the amount claimed in Paragraph 6."

Paragraph 6, referred to in this subdivision of the instruction, is the paragraph of the court's charge in which the issue of the alleged permanent impairment and injury to the health of plaintiff was stated. No other reference is to be found in the instructions to the question of permanent damages. A motion was made by appellant, at the close of all the testimony, to direct

a verdict for the defendant, upon Count 5 of the amendment to plaintiff's petition, which included allegations upon which damages of a temporary nature might be allowed by the jury, upon the grounds generally that the allegations thereof were not supported by the testimony; and also to direct a verdict upon each count of the petition and amendment thereto, upon the general ground that the evidence was not sufficient to sustain a verdict in plaintiff's favor.    These motions were overruled. The question of permanent injury to plaintiff's health is in no way referred to in either motion, and counsel did not ask that this issue be withdrawn from the jury.    Exception, however, was later lodged against Paragraph 17 of Instruction 20, upon the ground that there was no evidence upon which the jury could assess permanent damages, and that it was error for the court to submit this issue.

It is contended by appellee that, as no motion was made to withdraw the issue of permanent injuries from the jury upon the ground that there was no evidence to sustain the same, and that, as the submission thereof is not made a ground of the motion for a new trial, appellant cannot be heard to complain.    No motion was made to withdraw the issue from the jury, but, as stated, exception was preserved to the instruction, upon the ground that the evidence did not justify its submission; and the same ground is urged in the motion for a new trial.    The exception to the instruction was sufficient to raise the question. *Jones v. Spencer,* 188 Iowa 94.

We have repeatedly held that, notwithstanding the fact that failure to renew, at the close of all the evidence, a motion for a directed verdict made during the trial, operated as a waiver of the right to predicate error upon the ruling, this does not preclude the defeated party from setting up, in a motion for a new trial, the insufficiency of the evidence to sustain the verdict. *State v. Asbury,* 172 Iowa 606; *Boyd v. Buick Automobile Co.,* 182 Iowa 306; *State v. Chambers,* 179 Iowa 436; *Heiman v. Felder,* 178 Iowa 740; *Warren v. Graham,* 174 Iowa 162.

No other or further instruction upon the issue of permanent damages was requested by either party.    It is apparent, therefore, from the foregoing statement that the jury was left without any guide whatever in the assessment of damages for permanent

injuries, and that the amount thereof was left wholly to specu-
lation. No exception was interposed, however, to the failure of
the court to properly instruct upon the measure of damages for
permanent impairment of plaintiff's health, and this failure is
not raised in any other way. The sole questions, therefore, pre-
sented for decision on this point are: (a) Was the jury justified,
under the instructions given, in taking into con-
2. TRIAL: instruc-   sideration, in assessing damages, the question of
tions: unsup-
ported issues.        the alleged permanent impairment of plaintiff's
health; and (b) if so, was it error for the court to submit this
issue to the jury? Obviously, the first question must be answered
in the affirmative.

No medical testimony was offered, and plaintiff testified that
she did not, until after the removal of the plant, consult a
doctor. The testimony tended to show that her health was fairly
good before the plant was erected, and that she was rendered
very nervous by the noise and obnoxious fumes emanating from
the plant when in operation; that she was unable to sleep; that
her stomach became deranged, and she suffered very severe
nervous headaches and other discomfort and injuries. She ad-
mitted that she was better at the time of the trial, but testified
that:

"I have overcome the nervousness to a certain extent, but
am not cured, and still have spells when I get so nervous, and
have these nervous headaches. I am still unable to do all my
own work. I am better, but not able to do my own work, and
not able to do any sewing at all, at the present time. I did
not have headaches or stomach trouble before the plant started
to operate. My health is not as good at the present time as it
was before the plant started to operate."

No allegation was made in the petition for damages on ac-
count of future physical or mental pain and suffering, and no
reference is made thereto in the court's charge to the jury. No
doubt, plaintiff was entitled to recover for future pain and suf-
fering, as well as for impairment of her health, whether perma-
nent or not, if properly shown; but the evidence, in our opinion,
was wholly insufficient to justify the submission to the jury of
the issue of permanent damage. There was no evidence that her
health was permanently impaired, or from which the jury could

estimate or fix the amount of damages on account thereof. Perhaps the court did not intend to submit to the jury the question of permanent damages, but the allegations of plaintiff's petition were not withdrawn. The court may have inadvertently included the same in the statement of the issues, but the jury may well have been misled by the subsequent instruction, specifically referring to the issues as previously stated.

It was error to submit to the jury the issue of the permanent impairment of plaintiff's health, and the motion for new trial should have been sustained.

Other rulings assigned as error are either without merit or not sufficiently prejudicial to justify a reversal. They are not likely to be committed upon a retrial of the case. For the error pointed out above, the judgment is—*Reversed.*