STATE OF IOWA, Appellee, v. HAROLD TIBBITS, Appellant.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 8, 1929.

*N. Levinson* and *L. R. Boomhower,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Jens Grothe,* County Attorney, for appellee.

FAVILLE, J.—I. The Riverside Garage is located in the west part of Nora Springs. It is near the Shell Rock River. Early in the year 1927, the appellant and one Duvall were partners in the operation of said garage. It is the contention of the appellant that he dissolved partnership with Duvall about the middle of March, 1927, but that thereafter he kept his car in said garage, and was in and about said garage, with more or less frequency, from that time until the 30th of April following. Mrs. Duvall is the only witness who testifies in regard to such claimed change in relationship. On the 23d day of April, 1927, the evidence tends to show, the appellant and Duvall were both at said garage in the evening, and at said time, two men drove up to said garage in a Ford coupé, and appellant and Duvall were seen to have a conversation with them, whereupon Duvall disappeared, and shortly thereafter returned with a bottle, which he delivered to said men in the presence of the appellant. On the 30th day of April, said place was under surveillance, and at said time, the appellant was seen at the said garage, at one time at the back end of the garage,

and later at the front. A Federal officer was in hiding on the river bank back of said garage. A number of bottles, some of which contained intoxicating liquors, were hidden at various places along said river bank. This was south of the line fence of the garage property, and 50 or 60 yards south of the garage. The appellant was not seen at this spot. Duvall, however, came to this place where one of the officers was concealed, and was arrested. The appellant was standing in front of the garage, and was arrested at approximately the same time that Duvall was.

We have not attempted in this statement to review all of the evidence in the case, and it is unnecessary that we do so. The foregoing is merely a brief outline. The appellant moved for a directed verdict at the close of the State's testimony. The motion was overruled, and the appellant did not renew the same at the close of all the testimony. Under such circumstances, alleged error in the ruling on the motion for a directed verdict is deemed to have been waived. *Willis v. Schertz,* 188 Iowa 712. Appellant contends, however, that in the motion for a new trial he challenged the sufficiency of the evidence to sustain a verdict against him. We have held that, even though the motion for a directed verdict is not renewed at the close of all the testimony, a party may raise the question of the sufficiency of the evidence to sustain the verdict, on motion for new trial. *Willis v. Schertz,* supra; *Warren v. Graham,* 174 Iowa 162; *Heiman v. Felder,* 178 Iowa 740; *State v. Chambers,* 179 Iowa 436; *State v. Asbury,* 172 Iowa 606; *Nuessle v. Western Asph. Pav. Corp.,* 194 Iowa 616. Conceding, therefore, that the appellant, by his motion for a new trial, raised the question of the sufficiency of the evidence to support the verdict, we are of the opinion that the court did not err in overruling the motion for new trial on this ground.

The facts and circumstances disclosed by the record made a case for the jury. The record is not so lacking in evidence pointing to appellant's guilt as to require the granting of a new trial, and the trial court did not err in overruling appellant's motion for a new trial upon this ground.

II. It is contended that the court erred in admitting in evidence certain bottles and a can that were discovered by the officers in the rear of said garage, concealed along the river bank. These articles were properly identified, as having been seized at

or about the time of the arrest of the appellant and Duvall, and there was no error in admitting them in evidence.

III. Error is charged in the giving of Instruction No. 9, which was as follows:

"If in fact William Duvall entered a plea of guilty to the crime of maintaining a nuisance at the place in question, such fact in itself is not sufficient to warrant the conviction of the defendant Tibbits of maintaining a nuisance. In order to warrant you in finding the defendant Tibbits guilty of the offense charged in the indictment, it must be proved, beyond a reasonable doubt, that said Tibbits was an accessory of said Duvall in maintaining such nuisance, or aided and abetted therein; and in the event you so find, you should find the defendant guilty, as charged in the indictment."

Complaint is made that the court did not amplify said instruction by defining the word "accessory," or by enlarging upon and defining the term "aided and abetted." The court might well have enlarged upon this instruction; but the instruction was not erroneous as given, and the jury could not have been misled thereby. Nor did the failure of the court, on its own motion and without request, to amplify and enlarge upon the terms used in the instruction, constitute reversible error.

IV. The appellant complained of the giving of Instruction No. 8, as follows:

"If in fact intoxicating liquor was found by the officers upon the premises used by William Duvall as the Riverside Garage, or immediately adjacent to such garage, then such fact is proper to be considered by you, in connection with all of the other evidence in the case, in determining whether or not said premises were so used as to constitute a nuisance, as charged in the indictment."

The particular portion of such instruction against which the appellant's complaint is leveled is the clause, "or immediately adjacent to such garage." The argument of the appellant is to the effect that the bottles of intoxicating liquor that were found hidden along the river bank were shown by the evidence not to be upon the

tract of ground properly belonging to the Riverside Garage; in other words, the bottles were hidden beyond the lot line, on the property adjacent thereto. Appellant contends that he could not be held guilty for maintaining a liquor nuisance, even though liquor was found upon property "immediately adjacent to the garage." There is no merit in appellant's contention at this point. The indictment did not charge the appellant with maintaining a liquor nuisance in the Riverside Garage. The charge was that the appellant "did erect, establish, continue, and use a building, erection, and place, with intent and for the purpose then and there and therein to sell intoxicating liquor, contrary to law," and so forth. If the appellant was engaged in keeping intoxicating liquors unlawfully at "a place," he violated the statute, even though the "place" where such liquors were kept was outside the legal boundary of the property which the appellant could lawfully occupy. It was immaterial that the liquor was not found in the garage itself, or within the legal boundary lines of the property upon which the garage was situated. The instruction of the court, under the indictment and the evidence in the case, was proper. The statute is broad and comprehensive in its terms. A liquor nuisance may be maintained outside of any building or erection. The statute uses the word "place," and one may be guilty of liquor nuisance, under the statute, by maintaining a "place" where intoxicating liquors are kept, even though there is no building. *State v. Johnson*, 200 Iowa 324; *State v. Elliott*, 198 Iowa 71; *State v. Shackleford*, 198 Iowa 752; *State v. Japone*, 202 Iowa 450. There was no error in the giving of the instruction, under the record in this case.

The rules of law applicable to cases of this character have been frequently announced by this court. The case presented a fact question, which was properly submitted to the jury, and we cannot hold, as a matter of law, that there is not sufficient evidence to sustain the verdict. We find no reversible error. The judgment of the district court must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, ALBERT, MORLING, and WAGNER, JJ., concur.