(No. 21566.—⬛)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* M. COHEN, Plaintiff in Error.

*Opinion filed April 22, 1933.*

HAROLD L. LEVY, and EDWARD M. KEATING, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, M. Cohen, and Frank Nelson, were indicted by a grand jury in the criminal court of Cook county for larceny and for receiving stolen property knowing the same to have been stolen. The property described

in the indictment as having been stolen and so received was 500 blankets of the value of five dollars each and 124 pillows of the value of one dollar each, the personal goods and property of the Pullman Company, a corporation. Cohen pleaded not guilty and was tried by the court without a jury, a trial by jury having been waived. The court found him guilty of receiving stolen property in manner and form as charged, found the value of the property to be $1000, and after overruling his motions for new trial and in arrest of judgment sentenced him to the penitentiary from one to ten years. He prosecutes this writ of error for a reversal of the judgment and sentence of the court.

A number of errors are assigned on the record, only one of which is argued by plaintiff in error, to-wit, "that there is no evidence in the record to show that the Pullman Company is a corporation." The motions for a new trial and in arrest of judgment were both verbal. There was no requirement by the court or request by the State's attorney to have the motions, or either of them, reduced to writing or to have the grounds of the motions reduced to writing. The defendant excepted to the finding and judgment of the court. There is no evidence whatever that tended to prove that the Pullman Company was a corporation. The proof in the record is that the owner of the property in question was the Pullman Company. There was no proof of user of corporate powers and franchises, and there was no proof of any kind or any statement by any witness that the Pullman Company was, in fact, a corporation. In view of the foregoing facts it will not be necessary for this court to make any further statement of the evidence.

Section 77 of the Practice act directs the party moving for a new trial to file the points in writing, particularly specifying the grounds of his motion. This court has held that that section is directory and not mandatory, and that if the party moving for a new trial makes either a written or verbal motion for a new trial without stating in writing

the grounds therefor and without objection, the requirement of such statement is waived. If certain points in writing particularly specifying the grounds of a motion for a new trial have been filed, the party filing the same will be deemed to have waived all causes for a new trial not set forth in his written grounds and in the Appellate Court will be confined to the reasons specified. If the motion has been submitted without specifying the grounds therefor in writing, the party may avail himself of any cause for a new trial which may appear in the record, whether it be the admission or rejection of evidence, the giving or refusing of instructions, the lack of sufficient evidence, or any other error occurring on the trial. The above holding by this court is applicable to both civil and criminal cases. (*Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589; *Anderson* v. *Karstens,* 297 id. 76; *Bromley* v. *People,* 150 id. 297.) The foregoing rules applied to motions for new trial are also applied by this court to motions in arrest of judgment, and when a motion in arrest of judgment does not specify the grounds therefor, it will be presumed, on appeal, that every proper ground for arrest of the judgment was presented to the court. *People* v. *Goldberg,* 287 Ill. 238.

It has been the settled law of this State since this court was first organized, that every material allegation in an indictment for a felony must be proved beyond a reasonable doubt before a defendant charged with such a crime can be legally convicted for the same. One of the material allegations of the indictment in this case is that the Pullman Company, the owner of the property alleged to have been stolen, was a corporation. This court has so held in an unbroken line of cases from its first organization and has never to this date held otherwise in any case of which we are aware. We so held in *People* v. *Struble,* 275 Ill. 162, *People* v. *Krittenbrink,* 269 id. 244, and *Aldrich* v. *People,* 225 id. 610. In determining the sufficiency of indictments

the courts must abide by long established and well known rules of law, and parties engaged in drawing indictments and in trying criminal cases should give reasonable attention to the law governing the drawing of indictments and as to the necessary proof to be made in the trial of criminal cases. Under our law the ownership of property embezzled or stolen must be alleged with the same accuracy as is required at common law unless the rule is modified by statute. An averment in an indictment that the property embezzled, stolen or concealed was the property of the "American Express Company, an association," without alleging incorporation or such facts as would show that such company could own property by that name, will not sustain a conviction under our law. (*People* v. *Brander,* 244 Ill. 26.) In such a case there should be an allegation that the association is such a person or entity that it could own property under that name, or the individuals of such association who did own the property should be set forth as the owners of the property.

It is claimed by the People in this case that because the plaintiff in error made a motion to discharge the defendant at the close of the People's evidence in chief, on the ground that the defendant purchased the blankets without any knowledge that they were stolen, and failed to make that motion at the close of all the evidence in the case, he has waived all right to raise any other question in this court. Even though the motion for a directed verdict was not renewed at the close of all the evidence the defendant had a right to question the sufficiency of the evidence to sustain the verdict in his motion for a new trial. *State* v. *Tibbits,* 207 Iowa, 1033, 222 N. W. 423; *Willis* v. *Schertz,* 188 id. 712, 175 N. W. 321.

It is further contended by the People that the question of variance must be raised at the trial and cannot be raised on motion for a new trial. There is no question of variance raised on this record. The only question raised on

this writ of error is that the Pullman Company was not proved to be a corporation, as charged in the indictment. That is not a question of variance. It amounts to a failure to prove a material allegation in the indictment. The question of a variance does not raise such a question.

For the reasons above set forth the judgment of the criminal court is reversed and the cause is remanded for a new trial. *Reversed and remanded.*