**Emmis Kooyumjian, and Louise Kolosick, Appellants, v. Wilbur C. Stevens, Jr., Appellee.**

**Gen. No. 46,804.**

First District, Second Division.

May 29, 1956.

Rehearing denied June 19, 1956.

Released for publication June 19, 1956.

379

Louis M. Leider, of Chicago, for plaintiffs-appellants; Melvin B. Lewis, and James J. Doherty, both of Chicago, of counsel.

Pretzel and Stouffer, of Chicago, for appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Emmis Kooyumjian and Louise Kolosick filed a suit in the Superior Court of Cook county to recover damages for personal injuries to Kolosick and property damage on the part of Kooyumjian allegedly occasioned by the negligence of the defendant in operating his automobile. The case was tried before a jury. The verdict returned found the defendant guilty as to plaintiff Kolosick and awarded her $300 as damages and found the defendant not guilty as regards the plaintiff Kooyumjian. Judgment was entered on the verdict and from such judgment both plaintiffs take this appeal.

The plaintiffs contend here that the damages awarded plaintiff Kolosick are grossly inadequate; that plaintiff Kooyumjian is entitled to damages; that the trial court erred in its rulings on the admissibility of

evidence and in instructing the jury; that by the rulings and remarks of the trial court the plaintiffs were deprived of a fair trial; and that the verdict is against the manifest weight of the evidence.

The vehicle in which Kolosick was a passenger was owned and operated by plaintiff Kooyumjian, who claims only property damage to his automobile. Plaintiff Kolosick claims damages for personal injuries received as a result of the collision. From the evidence introduced at the trial of the case it appears that about 2:15 p. m. on December 26, 1950 the automobile in which plaintiffs were riding was struck in the rear by the automobile owned and driven by the defendant at about 917 West Lawrence avenue in the City of Chicago. On the day in question the streets were covered with packed snow and were slippery. The plaintiff Kooyumjian, while driving east on Lawrence avenue, stopped because of an automobile double-parked ahead of him, and his automobile was struck from behind by defendant's car.

Plaintiff Kolosick testified that she was thrown under the dashboard of the automobile in which she was riding and suffered great pain. She went with the defendant and coplaintiff to the Ravenswood Hospital where she was treated by a Dr. Ireland, who continued to treat her periodically. She testified that she had worked at two jobs from 1941 to the date of the collision; that she worked daily at Triangle Tool and Manufacturing Co. as a punch press operator from 8:00 a. m. until 4:30 p. m. and also worked daily at Croname, Inc. at the same occupation from 4:45 p. m. until 1:30 a. m.; that on account of her injuries she was compelled to absent herself from her work, resulting in a loss of earnings amounting to $2203.20; that she had paid $34.50 to the hospital and $61.80 for medical expense, and she was indebted to Dr. Ireland in the amount of $340 for his services. She also testified that she had suffered severe pain at the time of the accident and

382

subsequently, and that the pain still persists; that she had worn day and night for eight months, under the prescription of her physician, a garment with steel stays and braces, and after the garment was removed the doctor prescribed a solid board for use in her bed under the mattress; that before the accident she attended movies but now is unable to sit through a movie; that before the accident she did her own housework and that since the accident she is incapacitated from performing her household duties to the same degree; that at the present time she works for the Triangle Tool and Manufacturing Co. but not for Croname, Inc.

Dr. Ireland, the attending physician, testified concerning his examination, treatment and diagnosis of plaintiff Kolosick immediately after the accident. He stated that the reasonable costs and charges for the medical services rendered were $340; that the accident in question could have caused her condition subsequent to its occurrence and that such condition might be permanent.

The defendant testified that at the time of the collision he was twenty years old; that he was traveling east on Lawrence avenue at a slow rate of speed; that he saw the plaintiff's vehicle ahead of him come to a sudden stop in the middle of the block; that he immediately applied his brakes and skidded into the rear of plaintiff's car; that he saw no hand signal or stop light flash before the collision. The plaintiff Kooyumjian testified that his stop lights were operating.

Before us the defendant urges a proposition which, if decided in his favor, would be decisive of the appeal. He contends that under the provisions of section 68 of the Civil Practice Act (Ill. Rev. Stat. ch. 110, par. 192), a party moving for a new trial must file his points in writing, particularly specifying the grounds for such motion; that the plaintiffs by their failure to do this waived all rights they might have had for a review in

this court; and that in any case the plaintiffs would have no right under the motion as made to have anything reviewed except the decisions of the trial court made in the progress of the trial and that questions concerning the manifest weight of the evidence, the allegedly prejudicial remarks and rulings of the trial court and the inadequacy of the damages are not before us. We will consider this contention first.

The jury returned its verdict on March 18, 1955. On April 12, 1955 the trial court entered an order nunc pro tunc as of March 18, 1955 "for the purpose of preserving for the record of this cause the events of that day." The order recited that the jury having returned its verdict in this cause finding the defendant not guilty as to plaintiff Kooyumjian and finding the defendant guilty as to plaintiff Kolosick and assessing said plaintiff's damages at $300, the plaintiffs duly and regularly moved for a new trial, arrest of judgment, and for judgment notwithstanding the verdict, which motions the court overruled and judgment was thereupon entered on the verdict.

 This question has heretofore been passed on by the courts of this State. In Yarber v. Chicago & A. R. Co., 235 Ill. 589, the court, after a full discussion, lays down the rule concerning the review of matters arising in a cause both when no motion for new trial is made and when a motion for new trial is submitted without any points stated in writing. The Practice Act then controlling was substantially the same as the Civil Practice Act of 1933 in force at the time when the instant case was tried, and provided that either party moving for a new trial shall file the points in writing, particularly specifying the grounds of such motion. The court held that this section was directory and not mandatory, and that while the party moving for a new trial may be required by the court or the opposite party to file the points in writing specifying the grounds of his motion, however, "If this is not required and the

384

motion is submitted without any statement in writing of the grounds therefor and without objection, the requirement of such statement is waived. If certain points in writing particularly specifying the grounds of a motion for a new trial have been filed, the party will be deemed to have waived all causes for a new trial not set forth in his written grounds and in the appellate court will be confined to the reasons specified. On the other hand, if the motion has been submitted without specifying, in writing, the grounds therefor, the party may avail himself of any cause for a new trial which may appear in the record, whether it be the admission or rejection of evidence, the giving or refusal of instructions, the lack of sufficient evidence or any error occurring on the trial. . . . [Citing cases]." The defendant has totally misapprehended this decision and cites as controlling our area of review a statement in the decision referring to the power of review by an Appellate Court where no motion for a new trial has been filed. People v. Cohen, 352 Ill. 380, reaches the same conclusion as was reached in the Yarber case, and holds that the rule laid down is applicable to both civil and criminal cases. The latest statement on this subject is People v. Flynn, 8 Ill.2d 116, where the court says:

"Prior to 1933 the rule, in both civil and criminal cases, required the moving party to file his points in writing, particularly specifying the grounds of his motion. However, if a verbal motion was made without objection, the party could avail himself of any cause for a new trial which might appear in the record. If the party filed a written motion specifying the grounds, then he would, of course, be confined on review to the reasons specified in the trial court, and would be held to have waived all causes for a new trial not set forth in writing. People v. Cohen, 352 Ill. 380; Anderson v. Karstens, 297 Ill. 76; Bromley v. People, 150 Ill. 297;

Ottawa, Oswego & Fox River Valley Railroad Co. v. McMath, 91 Ill. 104.

"The 1933 amendment substantially restated the requirement of writing which had theretofore appeared in section 77 of the Practice Act of 1907, governing procedure in both criminal and civil cases. Nothing in its language purports to change the character or incidents of the requirement . . . If the legislature desired to change the established consequences of a failure to comply, and intended that an oral motion without objection should constitute a waiver, on review, of all grounds for a new trial, it would have said so by specific provision. It would not have left such a change to be inferred from a mere absence of provisions to the contrary."

The court holds that while it is better practice for attorneys to specify in writing the grounds relied on for a new trial, nevertheless the requirement may be waived. It is apparent that where no rule is made upon the moving party to file his points in writing the statutory requirement is waived and the party can avail himself of any cause for a new trial which might appear in the record. We find no merit in defendant's contention.

By its verdict in favor of plaintiff Kolosick the jury found that the defendant was guilty of negligence. The verdict for the defendant and against plaintiff Kooyumjian must have been either because the jury believed that the plaintiff was guilty of contributory negligence or that he suffered no damage to his automobile as a result of the accident.

█ The plaintiffs argue that the jury was misled by instruction 20 given on behalf of the defendant, which is as follows:

"Contributory negligence is the failure by the plaintiff, Emmis A. Kooyumjian, to use reasonable care for his safety just before and at the time of the occurrence

in question which failure proximately contributes. to cause the damage of which he complains."

In their brief plaintiffs point out that nowhere in any of the other instructions was the term "contributory negligence" used, and that the instruction as given, without qualifying language, could be taken by the jury as meaning that the court was instructing them that plaintiff Kooyumjian was guilty of contributory negligence and that such negligence was a proximate cause of the accident. It is apparent from the wording of the instruction that the jury could be so misled. Nor was the instruction cured by the cautionary instructions given on behalf of the plaintiffs. Giving the instruction to the jury was reversible error.

Plaintiffs also urge that the court improperly admitted in evidence two photographs offered by the defendant. The photographs were enlargements of small photographs purportedly taken of the plaintiff's car by defendant's father. The photographs were marked as defendant's exhibits 2 and 3 and were exhibited to plaintiff Kolosick by the defendant during her cross-examination. She stated that they were photographs of "the car I was riding in." The pictures were also shown to Kooyumjian during his cross-examination and he stated that he did not know when the pictures were taken, but he asserted that it was after he had repaired his car and that the repairs required a week and a half of work. With no other testimony concerning the photographs in the record they were subsequently offered in evidence. The plaintiffs objected to their admission on the ground that a proper foundation had not been laid for their admission; that they were taken at a period several months after the accident and they did not represent the condition of the automobile at the time of the accident. The photographs were admitted in evidence.

■ ■ The only conceivable purpose for which the photographs were put in evidence by the defendant was to minimize the force of the collision and the damage to plaintiff's automobile. In order to have a photograph admitted in evidence it is necessary that the photograph be identified by a witness as a portrayal of certain facts relevant to the issue and verified by such witness on personal knowledge as a correct representation of the facts. The witness need not be the photographer, nor need he know anything of the time or condition of the taking, but he must have personal knowledge of the scene or object in question and testify that it is correctly portrayed by the photograph. McCormick on Evidence, sec. 181; Brownlie v. Brownlie, 357 Ill. 117. Here no foundation was laid for the admission of the photographs. The only evidence in the record referring to them up to the point when they were admitted was that of Kooyumjian that the photographs had been taken after his car had been repaired. The defendant argues that any error in their admission was cured by the plaintiffs' subsequent cross-examination of defendant, where defendant stated that the pictures had been taken by his father on the day following the accident, that he had seen the pictures on that day, and that the exhibits introduced in evidence were enlargements of those original pictures. This testimony was not sufficient to justify their admission even if it had been in the record before the photographs were offered in evidence. In any case, it is not material because the pictures were not re-offered after the testimony came into the record, and the only question before us is the propriety of the court's ruling on their original admission. It is generally recognized that photographs have a greater influence upon a jury than oral testimony and consequently it is necessary that all requirements substantiating their accuracy have been complied with. In Chicago & E. I. R. Co. v. Crose, 214 Ill. 602, where photographs were excluded because they

had been taken twelve months after the accident, the court says:

"Photographs offered in evidence for the purpose of contradicting witnesses or explaining a transaction are only competent when they are shown to have been so taken as to correctly exemplify the actual situation, circumstances and surroundings at the time. When the situation and surrounding circumstances are subject to change, photographs, to be of any value as evidence, must be shown to have been taken at the time or when the situation and surroundings are unchanged. (Chicago and Alton Railroad Co. v. Corson, 198 Ill. 98; Lake Erie and Western Railroad Co. v. Wilson, 189 Ill. 89.)"

Here, at the time the photographs were admitted in evidence, there was no indication whatsoever as to when they had been taken. Before their admission, the defendant, without objection, examined plaintiff Kooyumjian concerning them. It is apparent from this examination that the defendant treated the photographs as showing the condition of the car immediately after the accident and before repair. This was not substantiated by the evidence. If the jury believed, as they might, that the photographs correctly represented the condition of the car immediately after the collision, they could properly draw an inference from the slight damage apparent therein that the impact caused no damage to Kooyumjian's car. They could also draw the conclusion that the impact must have been very slight and that injuries alleged and testified to by the plaintiff Kolosick did not occur. The photographs in evidence were prejudicial to both plaintiffs. Their admission was error.

■■ The plaintiffs also object to the admission in evidence of certain office notes made by the physician concerning his patient Kolosick. During the direct examination of Dr. Ireland he did not refer to his notes. During cross-examination he was asked by counsel for

defendant if he had made notes, and upon his replying that he had with him in his pocket the notes which he made, counsel asked the witness to give them to him. At this time no objection was made by the plaintiffs. The physician handed the notes to counsel for defendant. Counsel then proceeded to examine the physician in great detail on the contents of the notes. The witness admitted there were certain discrepancies between his notations and his testimony in the case, and he attempted to explain the discrepancies and tell how they had occurred. On the witness stand he stated that he charged for first aid treatment $260. The notes show a charge of $50 which he stated should have been changed and that the note was incorrect. The record does not indicate that the witness used the notes either on direct examination or on cross-examination for the purpose of refreshing his recollection, and we can disregard all argument made by the defendant in support of that theory of admissibility. The defendant also argues that the exhibits were properly admitted for the purpose of impeaching the witness. It has been held that when a witness admits that the statements called to his attention were made by him prior to the trial it is not necessary or proper to admit them in evidence, even though they are contradictory to the statements made by the witness on the stand. Atchison, T. & S. F. R. Co. v. Feehan, 149 Ill. 202. Here on cross-examination the witness admitted that all the statements contained in the notes which were called to his attention had been made by him with the exception of the reports from the X-ray laboratory. The doctor on the stand had testified that at his original examination one objective symptom found was an abrasion on the left knee. The notes in enumerating the objective symptoms fail to show this. There is a notation in the notes with reference to treatment for an injury to the knee caused by a fall on the street a month after the accident. However, it should be

noted that the plaintiff Kolosick in her testimony had stated that she would at times be struck by sharp pain as a result of the accident and that on one of such occasions she fell and injured her knee and went to the doctor for treatment. Also included in the notes was a report from the Ravenswood Hospital dated December 26, 1950, the date of the accident, which indicated that an X-ray had been taken of the knee. The omission of abrasions from the objective symptoms included in the notes was not a contradiction. Among other things the notes contained two reports made by the X-ray operator who took the X-rays of the plaintiff Kolosick at Ravenswood Hospital. The X-rays were not produced in court, nor were they referred to at all on the direct examination of the physician-witness. On cross-examination the witness testified that he had examined the X-rays himself and had found pathology involving the spine. The report of the X-ray operator indicates that the X-rays showed no pathology of the spine. The witness testified that he called this to the attention of the operator and that the operator had indicated agreement. The reports appearing among the notes cannot be used for the purpose of impeaching the witness. They were not made by him, and his statement that his findings from the X-rays were different from the findings of the operator would not make the statement of the operator, who was not present in court or subject to cross-examination, admissible. The report was hearsay. Plaintiffs' objection to their admission was sufficient.

■■ It is undoubtedly the rule that the notes having come into the hands of counsel for defendant, even though his obtaining possession of them might have been prevented if an objection had been interposed at the proper time, he was entitled to use them for any proper purpose, and his detailed examination of the physician upon the notes and the variances between them and the testimony on the stand was proper insofar

as it went to material matters. The cross-examination went far beyond the testimony of the witness on direct, and went into matters not material to the issues. In at least two instances proper objections were interposed by plaintiffs which were overruled by the court. The admission of the notes was highly prejudicial, and particularly so when we consider the argument made by the defendant in his brief filed in this court, in which he says: "The notes were of such nature as to throw doubt on the professional qualifications of the witness—history, examination, diagnoses, treatments, prescriptions, consultations, charges—are a helter-skelter accumulation of unrelated matters" and "the jury was entitled to see them, to weigh and to judge them, and to determine whether they, as contemporaneous notes, or the testimony, of a witness present before them, would lead the jury to the truth." If the notes could have been properly admitted for the purpose of impeachment, the only purpose for which the jury could have used them in their deliberations would be to determine whether or not they would believe the testimony of the witness before them. They could not be used in any case as substantive evidence, and outside of the question of determining whether they would or would not believe the testimony of the witness, the jury had no right to draw any other inference from them. The defendant in the quotation taken from his brief indicates that he believes that the jury had the right to consider the exhibits as substantive evidence. If they were so used, the jury might have been influenced to disbelieve all of the testimony of the physician-witness with reference to whether the plaintiff Kolosick received any injuries growing out of the occurrence, or if she did, as to whether or not those injuries were permanent. It is impossible for a reviewing court to probe into the mental operations of the jury in their deliberations in the jury room. We cannot say what effect this evidence might have had

on their verdict. It was highly prejudicial to Kolosick; so prejudicial that its admission constitutes reversible error.

■ Evidence was also permitted in the record, over objection of plaintiff Kolosick, with reference to her ownership of various automobiles, the number of tenants she had and her ownership of property. This had nothing to do with the issues and its admission was improper and prejudicial.

■ Plaintiffs also object to the giving of an instruction to the effect that if the injuries and damages sustained were "as a result of an accident which occurred without the fault of the defendant, then the plaintiffs cannot recover." The case was tried on the theory of negligence. There was nothing indicating that the occurrence was the result of an accident not coupled with negligence. The giving under such circumstances of such an instruction has been repeatedly condemned, and its validity in any case is very doubtful. Williams v. Matlin, 328 Ill. App. 645, citing Rzeszewski v. Barth, 324 Ill. App. 345. Giving such an instruction is error, though standing alone it would not be considered ground for reversal.

Upon the record before us it cannot be said that plaintiffs had a fair trial. Since the case must be tried again the other instructions alleged to be objectionable and the allegedly prejudicial remarks of the trial court need not be discussed. The judgment of the Superior Court of Cook county is reversed and the cause remanded for a new trial.

Reversed and remanded.

ROBSON and SCHWARTZ, JJ., concur.