GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
v.
CIRILO THOMAS, Defendant

Criminal No. 689-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 25, 1972

HOFFMAN, *Judge*

ORDER

This matter came on for hearing on January 12, 1972 and involved a charge against the defendant and a co-defendant under 14 V.I.C. 1084, Petit Larceny.

■ The prosecution has alleged in this matter that the defendant acting in concert with another did take, steal

91

and carry away certain personal property belonging to another. The property in question is a case of scotch whisky and the government sought to establish that the case of scotch whisky had been concealed under a crate at the owner's warehouse by two employees, the defendants, and later removed by them from the loading dock area to the trunk of a car which the co-defendant had borrowed. The prosecution has failed in its proof, however, and the Court must find the defendant not guilty. In a criminal trial the government has the burden of proving every material element of the offense charged, 50 Am. Jur. 2d, Larceny, § 140, People v. Cohen, 352 Ill. 380, 185 N.E. 608, 88 A.L.R. 481; here in at least one essential area the government has offered no proof.

██ At trial the prosecution failed to produce or to offer in evidence the subject matter of the crime, the case of whisky containing twelve bottles of liquor. Of course this failure of the prosecution to offer the exhibit would not alone have proved fatal to its case, as the government was free through other channels to establish a felonious taking on the part of the defendant. The Court's decision, however, results from the fact that the government did not seek to pursue the alternative means of proof. While the Court heard direct testimony to the effect that a scotch whisky carton was discovered by the policeman in the trunk of the car borrowed by the co-defendant, there was no testimony offered that the carton contained even one bottle of liquor. The government might have applied to the Court to reopen the case for the purpose of introducing further evidence. In its discretion the Court could have allowed such a request. See: Hale v. United States, 410 F.2d 147, 152 (5th Cir.). The government, however, chose not to make such an application. Thus, neither through direct nor through circumstantial evidence did the government establish a felonious taking of the case of scotch whisky. As a

result the Court can reach but one decision. See generally: 52A C.J.S., Larceny, § 104.

Accordingly the Court finds the defendant not guilty.