THE STATE OF IOWA V. JOHN WILLIAMS, Appellant.

**Breaking and Entering:** ALLEGATION OF OWNERSHIP. In an in-
1    dictment for breaking and entering, it is sufficient to aver
possession in someone, without alleging the name of the owner.

**Instruction:** INTENT. An instruction in relation to breaking and
2    entering, under Code, section 4791, which makes no reference
to the intent, is erroneous.

**Instruction:** EVIDENCE. Evidence in the case considered and held
3    insufficient to warrant an instruction based on the theory that
defendant was found in possession of the stolen property
shortly after the breaking and entering.

**Breaking and Entering:** POSSESSION OF STOLEN PROPERTY: INSTRUC-
4    TION. It is only when the breaking and entering and the
larceny are committed at the same time and by the same
person that the recent possession of the stolen property will
justify a conclusion that the person who stole the property
also did the breaking and entering.

*Appeal from Polk District Court.*—HON. W. H. McHENRY,
Judge.

THURSDAY, APRIL 9, 1903.

DEFENDANT was indicted, tried, and convicted of the
crime of breaking and entering, and from the judgment
imposed he appeals—*Reversed.*

No appearance for appellee.

*J. B. Rush* and *Woodson & Brown* for appellant.

DEEMER, J.—Defendant was accused of breaking and
entering a building in the possession of F. Brody & Son,
in which building goods and merchandise were kept for
use, sale, and deposit. On trial he was convicted of the
offense, and, to secure a reversal relies on several alleged
errors, which we shall now proceed to consider.

I.   The indictment is said to be defective because it does not allege the name of the owner of the building. As the crime is against the possession of the building, it is sufficient in this state to aver possession of the building in

1. ALLEGATION of owner-ship. some one, who, for the purpose of such an action, is deemed to be the owner.   *State v. Rivers*, 68 Iowa, 611.   The allegation of ownership is simply for the purpose of identification, and not to give legal character to the occupancy.   Similar indictments have oeen sustained in other states under like statutes.   *Pyland v. State*, 33 Tex. Cr. App. 382 (26 S. W. Rep. 621); *Com. v. Williams*, 56 Mass. (2 Cush.) 582; *State v. Scripture*, 42 N. H. 485.   See, also, *State v. Jelinek*, 95 Iowa, 420.

II.   In its instructions to the jury the court, among other things, said that, "if any person break and enter any shop, warehouse,   *   *   *   in which goods   *   *   * are kept for use, sale, or deposit, he shall be punished,"

2. INSTRUCTION; intent. etc.   This instruction was erroneous in that it omitted entirely the motive of the offender. The statute makes one guilty only when he breaks and enters with intent to commit a public offense.   See Code, section 4791.   This defect was not cured in other portions of the charge, and is sufficient ground for reversing the case.

III.   The trial court instructed at length regarding the effect of evidence of the possession of property recently stolen from the building alleged to have been broken and

3. INSTRUCTION; evidence. entered.   The record does not disclose such a state of facts as would justify the giving of this instruction.   The stolen goods were not found in the possession of the defendant, and there is no showing that he had any connection therewith.   The property stolen consisted of gentlemen's trousers and a number of handkerchiefs.   All that is shown is that a policeman saw some persons come out of a lumberyard and cross the street, going in the direction of a building on the street opposite the yard. This policeman, with another, went to the lumber

yard, where they found a basket.    Near    the    basket
were some tracks leading in the direction of an old store
building.    Following these tracks, they went to this build-
ing, and there found some property which had been stolen
from the building described in the indictment.    Defendant
did not own nor have any right in this building where the
goods were found, and, so far as shown, he never had pos-
session of any of the goods.    The officer also found some
tracks leading to defendant's house, and, suspicioning the
defendant, he followed the tracks, and early in the morn-
ing of the next day after the crime was committed he
arrested the defendant.    Defendant said that he had that
evening been near where the footprints were discovered.
This was all the evidence regarding possession of the
goods.    Surely it was not sufficient to justify an instruc-
tion based upon the theory that defendant had been found
in the possession of goods stolen by breaking and entering
a building shortly after the crime was committed.

Moreover, the instruction with reference to the effect
of the possession of the goods was erroneous.    It reads as
follows:    "Possession of stolen property shortly after theft

1. BREAKING
and enter-
ing: posses-
sion of stolen
property:
instruction.
is sufficient to raise the presumption of guilt,
unless the attending circumstances or other
evidence so far overcome the presumption
which is raised as to create a reasonable

doubt of the prisoner's guilt.    So, too, the possession of
property that has been recently stolen from a building by
means of breaking and entering said building creates a
presumption of guilt of the person or persons in whose
possession said property is found.    That is, it creates a
presumption that he or they are the party or parties that
broke or entered said building and took therefrom the said
property, unless the attending circumstances or other evi-
dence adduced explained such possession and shows that the
same might have been otherwise acquired.    If, therefore, in
this case, you find that the building in controversy was in

fact broken into and entered substantially as alleged in the indictment, and that there was therein at the time goods and property that have been introduced in evidence as property stolen from said building, together with other property which was kept for use, sale, or deposit, and that said property or some of it was at the time alleged stolen and carried away from the building, and shortly thereafter the said property, or some of it, was found in actual possession of the defendant, then said possession would raise a presumption of guilt of the defendant, unless the attending circumstances or other evidence adduced so far overcomes the presumption thereby created as to raise a reasonable doubt of the guilt of the defendant."

It is only when the breaking and entering and the larceny are committed at the same time and by the same person, in other words, where the goods are stolen by means of the breaking and entering, that any effect is to be given the recent possession of such goods. In such a case the jury may be instructed that such possession, if unexplained, will justify them in concluding that the person who stole the goods also did the breaking and entering. But they are not bound to make such an inference. At most, there is a mere presumption of guilt from the possession of the goods, which, in the absence of explanation, will justify the jury in concluding that the one in possession of property recently stolen, by means of breaking and entering, broke and entered the building. *State v. Jennings*, 79 Iowa, 513. For the reasons stated, the instruction was erroneous. *Rex. v. Hughes*, 14 Cox Cr. Cas. 223.

Some other assignments are argued, but, as the matters relied upon are not likely to arise on a retrial, we do not consider them. For the errors pointed out, the judgment is REVERSED.