State of Iowa v. Joseph Raphael and Charles Raphael, Appellants.

Burglary: EVIDENCE. In a prosecution for burglary the evidence
1  is considered and held sufficient to warrant a conviction.

Burglary: RECENT POSSESSION OF STOLEN PROPERTY. Recent posses-
2  sion of stolen goods, in the absence of a satisfactory explanation, will justify a finding that the one in possession broke and entered the building from which the same were stolen.

Possession of Stolen Property: BURDEN OF PROOF: EVIDENCE.
3  One in possession of stolen property has the burden of explaining his possession. Evidence considered and held to show possession.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

Thursday, April 7, 1904.

The defendants were convicted of breaking and entering a building with the intent to steal therefrom. They appeal. —*Affirmed.*

*L. M. Whitney* and *J. T. Sullivan* for appellants.

*Chas. W. Mullan,* Attorney General and *Lawrence De Graff,* Assistant Attorney General for the State.

Sherwin, J.—At some time between the 21st and 28th days of February, 1903, the dwelling house of Mrs. C. W.

Bown, in the city of Waterloo, Iowa, was broken and enter-
ed, and a large amount of silverware and other
property was taken therefrom.  The defendants at that time
lived with their parents in Waterloo, occupying a room or
rooms in the second story of the house, near an attic room, in
which they kept their clothing and other effects.  Very soon
after the burglary was discovered, this house was searched,
and in this attic room the officers found a portion of the silver-
ware and other property which had been stolen from the
Bown house.  This was wrapped in a cloth, and was taken
possession of by the officers.  Other articles of silverware
were found there at this time, but, not being then identified,
they were not taken.  Three or four days after another search
of the premises was made, and a coat and vest belonging to
one of Mrs. Bown's sons, which had been stolen at the time
of the burglary, were found in this same attic room.  Be-
tween the two searches, property which was found in the room
upon the first, but not taken by the officers, and which was af-
terwards proven to have been stolen from the Bown residence,
had been taken away, and was not again located.  The de-
fendant Joseph Raphael admitted upon the trial that the sil-
verware and other property found in the attic and taken by
the officers upon the first search had been put there by him,
but claimed that it had been taken to the house and delivered
to him for safe-keeping by a young friend from Nebraska,
who had stayed with the family a few days, and left shortly
before the search was made, and whose whereabouts he did
not then know.  When the coat and vest were found and tak-
en by the officers upon the second search, the mother of the
defendants told the officers that they belonged to her son, the
defendant Charles Raphael.  He was not then under arrest,
and upon his return home, soon after the search had been
made, his mother told him of it, and of the taking of the coat
and vest by the officers.  He testified that, upon looking for
his coat and vest, he found them gone, and that he immedi-
ately thereafter went to the sheriff's office, "looked at the
coat," and thought it his.  He did in fact make a thorough

I. EVIDENCE.

examination of the garments in the sheriff's office, and even
after he had been told that young Knox claimed them, he in-
sisted that they belonged to him; that he had bought them in
Nebraska three or four years before, brought them to Water-
loo, and had them in his possession up to the time they were
taken from his home; and that he could identify them at
any place; and this claim he did not abandon until one of
the pockets of the coat was turned inside out, and the name
"Knox" found thereon.

The appellant Joseph Raphael insists that, because of
his explanation of his possession of the silverware found in
the attic and taken therefrom upon the first search, the case,
as to him, should not have gone to the jury, and
2. BURGLARY: recent posses-
sion of stolen property.
that the court erred in not directing a verdict
for him. But with this contention we cannot
agree. This property was found in his posses-
sion but a few days after it was stolen, and, in the absence of
a satisfactory explanation of the possession, the jury would
be justified in finding that he broke and entered the building
from which it was stolen. *State v. Jennings,* 79 Iowa, 513;
*State v. Williams,* 120 Iowa, 36; *State v. Brady,* 121 Iowa,
561. It is true that the convenient other person from whom
stolen property is so often received was present in this case
in the defendant's explanation, but the jury would not be
bound to believe the explanation, though it might not be con-
tradicted by other direct evidence; and, if the attendant cir-
cumstances were such as to satisfy it of the falsity of the ex-
planation, and of the guilt of the defendant, a conviction
would be justified. *State v. Brown,* 25 Iowa, 566.

The fact that some of the other property stolen at the
same time, and found in the attic upon the first search, but
not then identified and taken by the sheriff, was removed and
secreted before the second search, and after the defendant's
friend had left, was alone a strong circumstance tending to
prove the falsity of the explanation.

The defendant Charles Raphael contends that there was
no evidence tending to prove his possession of the coat and

vest, and that the court should not have submitted his case to the jury or instructed on that question. We think otherwise. It may be conceded that the coat and vest were not found in his immediate possession, but the fact that he looked for them when informed by his mother that they had been taken from the attic by the sheriff, and, when not found there, immediately 'went to the sheriff's office, and, after a full examination of the garments, claimed and insisted that they were his, and that he had owned them for a long time, was evidence sufficient to warrant the jury in finding that they were in fact in his possession when they were found in the attic; and, if in his possession at that time, it devolved upon him to explain such possession. This he attempted to do by the statement that Patrick, the friend whom Joseph Raphael testified had taken the silver to the house, must also have left his coat and vest, and taken his in place thereof. There is no evidence in the record tending even to show that Patrick had a coat and vest similar to these, or that he took them to the house of the defendants, and we think the jury warranted in disregarding the attempted explanation of Charles Raphael.

*3. POSSESSION of stolen property: burden of proof: evidence.*

We think the evidence as to both defendants warranted the instructions given by the court on the question of the recent possession of the silverware and the clothing, and warranted also the verdict of guilty. The judgment is therefore AFFIRMED.