STATE OF IOWA, Appellee, v. E. C. SPARKS, Appellant.

**Criminal law:** INCEST: CORROBORATION. The corroborating evidence
1 required in cases of rape, seduction and other designated cases, is not required in a case of incest, especially where the female was under the age of consent.

**Same:** REASONABLE DOUBT: INSTRUCTION. The fact that the court in defining incest did not require in the same connection that the finding must be beyond a reasonable doubt was not erroneous, where the rule as to the weight of evidence and the facts necessary to be proven were correctly stated in a subsequent paragraph of the same instruction.

*Appeal from Decatur District Court.*—HON. THOS. L. MAX-WELL, Judge.

WEDNESDAY, DECEMBER 16, 1914.

APPEAL by defendant from a conviction of incest.—*Affirmed.*

*C. W. Hoffman* and *V. R. McGinnis,* for appellant.

*George Cosson,* Attorney General, and *Sharp & Parrish* and *Ed. H. Sharp,* for the State.

WITHROW, J.—I. The defendant, E. C. Sparks, was tried under an information sworn to and filed by the county attorney, charging him with the crime of incest alleged to have been committed with his daughter, Erva Sparks, on or about June 5, 1912, in Decatur county of this state. There was a trial with a verdict of guilty, and judgment of imprisonment was pronounced. At the proper time objections were made to certain instructions given by the trial court, and were overruled. These objections, together with the claim that the verdict was not supported by sufficient evidence, were made the basis of a motion to set aside the verdict and for a new trial, which was overruled. The case is presented to this court on appeal on the abstract of the record and an amendment, without argument, and without other assignments of error than arise in the exceptions duly taken to the ruling against the motion for new trial. The appeal having been taken by the defendant, and the record being before us, it is our duty, under Code, section 5462, to inspect it and determine from it if manifest error was committed by the trial court.

II. Erva Sparks, the daughter, was thirteen years of age at the time of the trial in the district court, which was in October, 1913. The crime is alleged to have been committed more than a year before that time. The evidence on the part of the state tended to establish the fact of illicit relations between the father and daughter, as to the fact itself based largely if not entirely on the testimony of the daughter. The parties had been living in the home of the mother of the defendant, and with her. From the evidence it appears that the child had lived in Colorado at the time of the death of her mother; and following that she was taken into another family residing in that state, where she remained for about five years, and was then sent to a state home for children. From there she was brought by the defendant to the home of his mother in Iowa; she at the time being about eight years of age. The defendant testified that the child slept with him for about two years after she came to Iowa, and after that occupied a room downstairs. In the spring or summer of 1912 the defendant erected a tent in the yard, and this was used as a place to sleep by him, his daughter, and for a few times by his stepfather. The testimony varies as to the time the tent was erected, and this we shall later notice, as it goes to a material but not conclusive fact in the case. The daughter testified that her father had sexual intercourse with her at four different times, two of which were in the tent, and in response to a leading question fixing the last time as the latter part of August. A child was born to the daughter July 20, 1913, and at the trial she testified that the defendant was its father. On March 29th of that year, her condition being discovered, she made affidavit that her father, Edward C. Sparks, was the father of the child, and that he was the only person who had had intercourse with her.

Hazel Dodd testified as to her acquaintance with both parties; that her home and that of defendant's mother were about sixty feet apart; and that in the summer of 1912 there was a tent in the yard between the houses, about fifteen or twenty feet from her bedroom window; that she knew the voices of the

parties; and that one night about half past 11 o'clock she heard Erva say, "Now stop, quit, do you hear me!" and then slapped him. This occurred, as she testified, some time in July, after the 4th, and towards the last of the month. Mrs. Annie Dodd, mother of Hazel, testified in substance the same as her daughter, and also that once after that she heard the defendant say, "pull up your feet." The date of the purchase of the tent by the defendant is fixed as June 2, 1912, by the man who sold it.

After the arrest of Sparks the girl Erva wrote a statement which she left on the table in a room of the home, for her grandmother, in which she said that a young man of the neighborhood, naming him, was the one to blame for her condition. At the trial she testified that the statement in the note was not true. Other witnesses testified to the fact that the father and daughter occupied the tent for sleeping purposes, and as to the time when it was erected.

At the conclusion of the evidence on the part of the state, and on motion of the defendant that it be required to so do, the state elected to rest its case on the act of intercourse in the tent in June, 1912; and following this a motion for a verdict of not guilty was made on the ground that as to the date elected there was no corroboration. This motion was overruled and exception was taken.

On the part of the defense there was evidence to the effect that Sparks traded the tent to one McVay on the 7th of August, and that this was two weeks before the aviation meet at Garden Grove, which event was fixed by the daughter as about the time when the last intercourse was had in the tent. The mother of the defendant testified that her granddaughter had told her before the note to her was written that her father was not guilty. The defendant as a witness in his own behalf testified as to the relations between his daughter and himself, that they had at no time been unlawful, and that the conversation alleged to have been heard by the Dodds never occurred. On cross-examination the defendant admitted that he had previously been convicted of a felony on his plea of

guilty and was imprisoned in the penitentiary. Witnesses in rebuttal testified that the general moral character and reputation for truth and veracity of the defendant was bad.

III. The foregoing presents the substance of the evidence in the case. It reveals, especially as to dates, those not uncommon variations which appear in the statements of different witnesses where no particular thing or event is relied upon to fix an exact time. There arose in the case such dispute of fact as fully warranted the submission of the case to the jury, unless, as contended by appellant, there should have been corroboration of the testimony of the daughter. This court has held, in *State v. Kouhns*, 103 Iowa, 720, that in prosecutions for incest the rule of Code 1873, section 4559, as to the corroboration of accomplices, does not apply, nor does Code 1897, section 5488, which requires corroboration of testimony in cases of rape, seduction, and others of like character which are particularly designated.

1. CRIMINAL LAW:
   incest: cor-
   roboration.

In *State v. Heft*, 155 Iowa, 21-36, the case was submitted to the jury upon the theory that voluntary submission to the act by the prosecutrix would render her an accomplice, whose testimony must be corroborated. The court in the opinion stated that such seemed to be in accordance with the weight of authority. But that rule, whatever its application to that case, is without force here, for the reason that the daughter of the defendant was below the age of consent, and could not as to that act be an accomplice.

IV. Criticism is made of a part of instruction No. 2, which stated that:

If you find from the evidence that the defendant, E. C. Sparks, being the father of Erva Sparks, had sexual intercourse with the said Erva Sparks, within the time and on the occasion herein limited, he is guilty of the crime of incest.

The omission to include that the finding must be beyond a reasonable doubt is the basis of the claim of error. This part

of the instruction evidently was given as the definition of the

crime of incest. In a subsequent paragraph

2. SAME: reason-
able doubt:
instruction.

of the same instruction was correctly given

the rule as to the weight of evidence, and ulti-
mate facts necessary to be proven in order to warrant a
conviction. Read as an entirety, there was no error in the
instruction.

We have carefully gone over the entire record which has
been brought to us.

We find no error, and the judgment of conviction must
be—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.