E. T. LOCKERBY, Appellant, v. T. P. HOLLOWELL, Appellee.

No. 39983.

JUNE 23, 1930.

*C. T. Gibson,* for appellant.

*Frank E. Northrop* and *J. M. C. Hamilton,* for appellee.

GRIMM, J.—In the March, 1925, term of the district court of Pottawattamie County, Iowa, the plaintiff, Lockerby, was indicted by the grand jury of that county, charged with incest. The indictment charges, in substance, that the said Lockerby, on or about the 16th day of April, 1925, in the said county of Pottawattamie, state of Iowa, carnally knew and had sexual intercourse with one Laura Fernley, the said Laura Fernley being then and there the daughter of Etta Lockerby, the said Etta Lockerby being then and there the wife of the defendant, E. T. Lockerby. On the 8th day of October, 1925, Lockerby was sentenced to a term of 25 years in the state penitentiary for the crime of incest. On the 10th day of April, 1929, there was filed in the district court of Lee County, Iowa, at Fort Madison, a petition for a writ of habeas corpus, alleging, in substance, that the said sentence imposed upon the said Lockerby was unlawful and void, for the reason that the indictment shows that there was no relationship by consanguinity between this plaintiff and the party with whom this plaintiff is charged to have had sexual intercourse, and that said indictment alleges a degree of relationship between the parties to the said sexual intercourse not contemplated by the laws of Iowa as incestuous.

To this petition for a writ of habeas corpus, the defendant appellee filed a demurrer, and later, on the 16th day of April, 1929, the lower court sustained the demurrer.

I. Section 12978, Code of 1927, defining the crime of incest, is as follows:

"If any persons, being within the degrees of consanguinity or affinity in which marriages are declared by law to be void, carnally know each other, they shall be guilty of incest, and imprisoned in the penitentiary not exceeding twenty-five years."

The foregoing section, in identical language, was found in the Code of 1924.

Section 10445, Code of 1927, contains the following:

"Marriages between the following persons shall be void:

"1. Between a man and his father's sister, mother's sister,

father's widow, wife's mother, daughter, wife's daughter, son's widow, sister, son's daughter, daughter's daughter, son's son's widow, daughter's son's widow, brother's daughter, or sister's daughter.''

The same section in the Code of 1924 contains the same identical language.

It will be noted that the indictment charges that the sexual intercourse of which complaint is made, was between the defendant in the indictment, the plaintiff herein, and the daughter of the wife of the defendant in the indictment. It will be noted that Section 10445 prohibits marriages between a man and his wife's daughter. By Section 12978, sexual intercourse between persons who are within the degrees of consanguinity *or affinity* in which marriages are declared by law to be void, constitutes incest. The girl, Laura Fernley, was, at the time of the acts of sexual intercourse covered by the indictment, the daughter of Etta Lockerby, the said Etta Lockerby being then and there the wife of the defendant (plaintiff herein), E. T. Lockerby. It follows that the indictment in this case charged incest, under the laws of Iowa.

The appellant placed some reliance upon the case of *Back v. Back*, 148 Iowa 223. An examination of the case discloses that it is not authority for appellant's contention. In the *Back* case it is held that a relationship by affinity terminates by the termination of the marriage which gave rise to the relationship, when said termination occurs either by death or divorce. It was held in the *Back* case that the marriage of a man to the daughter of his divorced wife by a former marriage is not invalid because within the prohibited degrees of affinity, as defined by Section 4936, Code of 1897 (12978, Code of 1927).

There is abundant reason for the statute in controversy and for this interpretation of it. The plaintiff in this case was the stepfather of the girl whom he is charged in the indictment with having carnally known. He was, therefore, *in loco parentis*. Manifestly, the legislature acted wisely in protecting the child, under such circumstances. As having a bearing on this subject, see *State v. Lamb*, 209 Iowa 132.

626

No other questions are properly raised in this case before this court. It follows that the cause must be, and is,—*Affirmed*.

MORLING, C. J., and EVANS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.