STATE OF IOWA, Appellee, v. JAMES MENTZER, Appellant.

No. 45567.

JUNE 17, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Carl V. Burbridge, and Edwin Getscher, for appellee.

Russell S. McKay, for appellant.

GARFIELD, J.—Appellant was indicted for the crime of incest, tried before a jury and convicted. The testimony for the State was to the effect that during the summer months of 1938 and 1939, defendant frequently had intercourse with his daughter in the family home.

The prosecuting witness testified: "He [appellant] always told me not to tell about these acts, and he would say that if I opened my mouth to tell anyone, I would never open it again. I never consented to intercourse any time; I tried to get away from him at various times, but could not do so, because he was stronger than I. When I would try to duck he would slap me." Appellant was a witness in his own behalf but made no denial of any of the State's testimony. He testified merely that he had suffered from arthritis during all of the period in question. He had previously been convicted of a felony.

Appellant's contention upon this appeal is that the jury might have found that the prosecutrix consented to the acts complained of and therefore was an accomplice; that, if she was an accomplice, her testimony must be corroborated; that the trial court erred in refusing a requested instruction on this matter of corroboration. Appellant's claim that the daughter was an accomplice has little in the record to support it. However, we will assume, without deciding, that the jury could have found the daughter was an accomplice to the crime by voluntarily consenting thereto.

Incest is not one of the crimes mentioned in section 13900, Code, 1939, requiring corroboration of the testimony of the injured female in cases of rape, seduction and certain other offenses. However, the following section (13901) requiring corroboration of the testimony of an accomplice upon the trial of any offense is as follows:

"Corroboration of accomplice. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by

other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof.''

By reason of this statute, the testimony of the prosecutrix must be corroborated if she consented to the illicit relations with appellant. If, however, she was the victim of force or undue influence and did not willingly join in the incestuous acts, her testimony alone may be sufficient to sustain a conviction. State v. Terry, 199 Iowa 1221, 1224, 203 N. W. 232; State v. Candler, 204 Iowa 1355, 1360, 217 N. W. 233; State v. Kouhns, 103 Iowa 720, 73 N. W. 353. The trial court clearly and accurately instructed the jury on these matters. He quoted section 13901; defined an accomplice as an associate in crime, one who cooperates, aids or assists in committing it; stated that if the daughter consented to intercourse then she would be an accomplice; that if she did not act voluntarily or if the offense was committed by force or undue influence exerted by defendant, then she would not be an accomplice; that in determining whether prosecutrix voluntarily consented it was proper to consider the testimony regarding her age, condition in life, whether defendant was her father, what authority he exercised over her, together with all facts and circumstances in evidence bearing upon the question. The instructions given on the court's own motion were the substantial equivalent of the instruction requested by appellant. They omitted, however, the following statement contained in the request: ''By corroboration is meant that there must be some evidence other than the testimony of the witness, Evelyn Mentzer, of the fact as alleged that the defendant had intercourse with her.''

It is urged that the failure of the trial court to define the term, corroboration, as requested by appellant constitutes reversible error. It is, of course, elementary that where a term is in common use and such as can be understood by a person of ordinary intelligence, it is usually not necessary for the court to define or explain its meaning. State v. Tibbits, 207 Iowa 1033, 222 N. W. 423; State v. Reed, 205 Iowa 858, 216 N. W. 759. It is true that in the cited cases no requests were made.

■ It is not necessary for us to determine whether the word "corroboration" is in such common use and understanding as to fall within the above rule. Even assuming that this word should be defined, we are agreed that the trial court committed no prejudicial error in the respect claimed. The instruction given, in effect, defines the term as evidence other than that given by the prosecutrix which shall tend to connect the defendant with the commission of the offense. This is the language of the statute. (Section 13901.) The offense is elsewhere defined in the instructions, for the purpose of the instant case, as sexual intercourse or carnal knowledge between father and daughter. The jury was correctly instructed as to just what the State must prove before a conviction could be had. By the instructions given, we think the jury was as fully advised as to the meaning of corroboration as if the trial court had included in its charge appellant's requested definition of the term. No claim is made that the corroborating evidence is insufficient to sustain the verdict.

Because of the importance of the case, both to the State and appellant, we have carefully examined the record and find no reversible error.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.