STATE OF IOWA, Appellee, v. BRUCE JONES, Appellant.

No. 46187.

JULY 27, 1943.

Charles W. Bowers, of Des Moines, and S. E. Prall, of Indianola, for appellant.

John M. Rankin, Attorney General, Don Hise, Assistant Attorney General, and M. D. Hall, County Attorney, for appellee.

HALE, J.—On September 2, 1942, the grand jury of Warren county returned an indictment against the defendant accusing him of the crime of incest committed with his eight-year-old daughter, as defined in section 12978 of the Code of Iowa, 1939. Upon a plea of not guilty and trial thereon, the jury returned a verdict of guilty and sentence was duly pronounced. Defendant filed motion for new trial and exceptions to instructions, which were overruled, and brings this appeal.

The court has examined the record in this case with appreciation of the gravity of the offense, but we do not consider it necessary that the testimony be set out herein in all of its details, only so much of the record as is necessary to the consideration of the errors assigned. The evidence in this case was sufficient to warrant the jury's returning a verdict of guilty.

I. Defendant's first assignment of error is that the trial court failed to submit to the jury the included offenses of assault with intent to commit incest, assault and battery, and simple assault. He bases his objection on the provisions of section 12933 of the Code, 1939:

"If any person assault another with intent to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall be imprisoned * * *."

Defendant argues that, incest being a felony, assault with intent to commit incest would be punishable under that section. Under the law of this state there is no such statutory crime as assault to commit incest, but section 13920 of the Code provides that a defendant may be found guilty of any offense the com-

mission of which is necessarily included in that with which he is charged in the indictment. The question of included crime in the charge of incest has never arisen in any reported case in this state. The arguments of both the State and defendant, so far as precedents in Iowa are concerned, are mainly based upon rulings in cases where the offense charged was rape. These crimes, although similar, are different in their essentials.

The definition of rape under the Code of 1939, section 12966, is: "If any person ravish and carnally know any female by force and against her will * * *." Or, "* * * according to the definition preferred by some authorities, it is the unlawful carnal knowledge by a male of a female by force and without her consent." 44 Am. Jur. 902, section 2. See, also, 52 C. J. 1005, section 1.

Incest, however, under section 12978, Code of 1939, consists in carnal knowledge within certain prohibited degrees of relationship. Of this crime, lack of consent, or force and violence, is not a necessary element, and a conviction may be authorized without either; while in the former there must be lack of consent, either expressly shown or implied by law, as in what is known as statutory rape. So that the rules and precedents as to rape do not in all cases furnish a guide in the consideration of the other crime and do not necessarily apply to the offense charged here, although they have been frequently cited as analogous.

Manifestly, unless in the charge there are such included crimes, they should not be submitted; and, even if included by law, should not be submitted unless there is supporting evidence to justify such submission. Such is the holding of the court in State v. Rounds, 216 Iowa 131, 248 N. W. 500, and cases cited; State v. Hoaglin, 207 Iowa 744, 223 N. W. 548; and State v. Roby, 194 Iowa 1032, 188 N. W. 709. The Hoaglin case, cited by both plaintiff and defendant, is a case where there was evidence of force and violence on a female under the age of consent, and the court there held at page 757 of 207 Iowa, page 553 of 223 N. W.:

"Since there was evidence of lack of consent by the prosecutrix to the acts of the defendant, whatsoever they were, it

cannot be said that there was no evidence of assault and battery and simple assault, and that, under the record, the defendant is guilty of one or the other of the crimes submitted to the jury or not guilty at all."

The court held that it was prejudicial error not to submit the offenses of assault and battery and simple assault. In other words, they were included in and were charged in the indictment, and since there was evidence thereof, it was necessary that they be submitted. It may be noted here that in the Hoaglin case a concurring opinion by Justice Stevens, joined by two other members of the court, holds that the correct view is that when the act is accomplished with a female child under the age of consent, by her voluntary or willing consent, only the crime of rape is committed and no lesser degrees are necessarily included. So that, no matter which theory we may accept in the Hoaglin case, either the majority or minority view, that the offense is not included in the charge, or, if so included, it is submitted only when the evidence authorizes, we are satisfied that under the record here there was no error in the court's failure to instruct on and submit the crimes alleged to be included. If the rule announced in the Hoaglin case be accepted as the rule in statutory rape, we do not think it should be so held in the instant case. The facts differed from those in the case at bar, not only in the offense charged but in the evidence. In the present case there was no evidence of any offense other than the completed one. It has frequently been held by this court that failure to instruct on included offenses is not error where the evidence shows guilt of the higher offense or none at all.

We have nothing in the record before us, either in accusation or proof, that would authorize a jury to do anything else than convict if they believed the evidence, or, if they failed so to believe, to acquit. The testimony of the child, which is quite specific, showed the act to have been completed in every detail required in law to constitute the offense, and her testimony in no way showed any uncompleted attempt. Also, the defendant, on direct examination, in answer to the question as to whether or not he ever attempted to have sexual intercourse with the daughter, expressly denied such attempt. The court required the prosecution to elect one of several acts and dates testified

to on which it sought conviction. There is no question of any violence or assault on the day elected, except the consummation of the criminal act charged. The record is barren of any evidence showing the commission of any other than such crime. The argument sometimes made that the jury might believe part of the witness' story and not the remainder, that the jury might believe only that part of the testimony relating to an attempt and disbelieve that part showing the completion of the crime, is untenable in view of this evidence and the close relation of all the acts. We have often disapproved a verdict rendered without supporting evidence. Cases arise under the testimony in the trial of various offenses, and especially where there is disputed testimony as to some facts, where the jury may properly find the higher offense not proved, but sufficiently established as to the included crime. But, in our opinion, under the facts in the present case there must have been either a verdict of guilty or acquittal of the offense charged.

We are aware that some states have held that there is such an offense as assault with intent to commit incest. 31 C. J. 390, section 53, citing State v. Winslow, 30 Utah 403, 85 P. 433, 8 Ann. Cas. 908; People v. Murray, 14 Cal. 159; Cox v. People, 82 Ill. 191; State v. McGilvery, 20 Wash. 240, 55 P. 115. As stated, we find no occasion where this question of the included offense has been submitted to a jury in Iowa or where any question has arisen as to whether or not it should be so submitted. We do not think it could arise in this case under the evidence. So far as the lesser offenses of assault and battery and simple assault are concerned, in cases of statutory rape they are not necessarily submitted to the jury even though the child is immature and under the age of consent, although they may be, and are, included in the offense charged, since a child under such age may consent to the touching or fondling of her person. State v. Hoaglin, supra; State v. Ingram, 219 Iowa 501, 258 N. W. 186. Nor do we think they should have been submitted here. Under the testimony in this case the court was not in error in not submitting any included crimes in its instructions.

II. Defendant's second assignment of error is that the court erred in giving various parts of Instruction No. 5,

his complaint being that such portions of the instruction assume facts as in existence or proven which are in controversy and disputed in the record. He first excepts to the following language: "The defendant, however, can be convicted herein only for an alleged act of intercourse which took place between him and his daughter on or about the 15th day of August, 1942," as assuming that such act did take place. This portion of the instruction not only uses the word "alleged," but we are satisfied that, taken in connection with the entire instruction and the other instructions, the jury would not understand that the court assumed that such act did take place.

He further objects to that part of the instruction which says:

"And whatever be the exact date, the one identified by the witness, Kay Jones, as having occurred about three days before the daughter left the home of the defendant * * * is the time and occasion for your consideration in determining your verdict."

Defendant argues that the word "identified" conveyed to the jury the impression that the date and occasion had been established. We do not think so. The jury could understand that such word referred only to the date, and we think in no way could understand that anything had been established other than that the offense was claimed to have occurred on such date.

The defendant further objects to the use of the word "fixed." In the sentence where this word is used in reference to the time of the act there are also the words "if any." We think the objections to the language of this instruction are hypercritical and the instruction in no way conveyed to the jury the impression that the court considered or stated that the offense was established.

III. Complaint is made to the admission in evidence of certain exhibits found in the defendant's bedroom, and a microphotograph of a portion of one of such exhibits showing the condition of a towel and the nature of stains thereon. There was evidence which connected the use of the articles so found with the defendant and sufficient evidence as to the identity thereof. The rule is that articles, including those found at

the scene of the crime, which are properly identified and which tend to show the commission of the crime or the manner in which it was committed, or to elucidate some matter in issue, are admissible in evidence for inspection and observation by the jury. 22 C. J. S. 1203, section 709. There was no evidence at any time during the trial that there had been a change in condition or appearance of the articles identified and in the absence of any such testimony the identification was sufficiently complete to make it proper for them to be exhibited to and submitted to the jury. The testimony in connection with these articles was sufficient to warrant their admission. Since they were properly admitted, the photograph was likewise admissible.

We have examined the record with care and we find no error. The cause is therefore affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, SMITH, MANTZ, WENNER-STRUM, and MILLER, JJ., concur.

GARFIELD and BLISS, JJ., dissent from Division I.

GARFIELD, J. (dissenting)—I respectfully dissent from Division I of the foregoing opinion. I think the only logical conclusion to be drawn from our cases on statutory rape is that the court should have submitted to the jury the included offense of assault with intent to commit incest. Such offense is necessarily included within every charge of incest against a man where the prosecutrix is not an accomplice. This court is committed to the doctrine that incest may be committed without the consent of the other party. State v. Mentzer, 230 Iowa 804, 806, 298 N. W. 893, 894, and cases cited; State v. Rennick, 127 Iowa 294, 297, 103 N. W. 159, 4 Ann. Cas. 568; State v. Hurd, 101 Iowa 391, 394, 70 N. W. 613. A girl of eight, like the prosecutrix here, could not consent to the sexual act nor to an assault with intent to commit the act, and therefore could not be an accomplice. State v. Pelser, 182 Iowa 1, 13, 163 N. W. 600; State v. Stalker, 169 Iowa 396, 400, 151 N. W. 527, L. R. A. 1915E, 1222; State v. Sparks, 167 Iowa 746, 750, 149 N. W. 871; State v. Roby, 194 Iowa 1032, 1040, 188 N. W. 709.

The majority says: "The definition of rape under the Code of 1939, section 12966, is: 'If any person ravish and carnally know any female by force and against her will * * *.'" Im-

mediately following the quoted portion of this section we find: "or if any person carnally know and abuse any female child under the age of sixteen years * * * he shall be imprisoned * * *." As we have previously pointed out, the statute does not use the word "rape." State v. Swolley, 215 Iowa 623, 625, 244 N. W. 844; State v. Hoaglin, 207 Iowa 744, 746, 223 N. W. 548. The majority has quoted the portion of the statute defining what is frequently called "common law rape" and omitted the definition of what is commonly termed "statutory rape."

Where a man has carnal knowledge of a female so related to him that their marriage would be void, the crime is incest. Code section 12978. Where a man has carnal knowledge of a girl under the age of consent, the crime is so-called statutory rape. The majority says, "lack of consent, or force and violence, is not a necessary element" of incest. This is also true of statutory rape. State v. Brooks, 181 Iowa 874, 890, 165 N. W. 194. The majority points out that lack of consent is implied by law in statutory rape. It is also implied by law in incest upon a girl under the age of consent. State v. Pelser, 182 Iowa 1, 13, 14, 163 N. W. 600; State v. Stalker, 169 Iowa 396, 400, 151 N. W. 527, L. R. A. 1915E, 1222. The distinguishing characteristics of incest is the relationship of the parties rather than the youthfulness of the victim as in statutory rape. But this is insufficient basis for applying a different rule as to included offenses in the two crimes where the victim is under the age of consent.

In the early case of Benham v. State, 1 (Clarke) Iowa 542, 545, this court recognized that:

" 'Every attempt to commit a felony against the person of individuals involves an assault.' " [McBride v. State, 2 Eng. (Ark.) 374.]

This doctrine has been repeatedly reaffirmed. See, for example, State v. Rounds, 216 Iowa 131, 138, 248 N. W. 500, and State v. Hoaglin, 207 Iowa 744, 749, 223 N. W. 548, 550, cited by the majority. In the Hoaglin case we held, after considering our previous decisions, that assault with intent to rape is necessarily included within every charge of rape, statutory

or common law, "and that it is a rare exception" when its submission to the jury is not required. In State v. Blair, 209 Iowa 229, 233, 223 N. W. 554, 557, a case of statutory rape upon an eleven-year-old girl, we said:

"If a consummated rape was perpetrated, there was necessarily an assault with intent to commit rape."

To the same effect is State v. Swolley, 215 Iowa 623, 625, 244 N. W. 844, where the offense was what is sometimes called "rape of an imbecile," in violation of section 12967.

The State concedes there is such a crime as assault with intent to commit incest, and that, under a given set of facts, it should be submitted as an offense included within incest. It seems to me this defendant could not have committed the crime charged without first having committed an assault with intent to commit the crime. Perhaps this is the view of the majority, but the opinion seems to evade the question. I think we should decide it.

The majority holds that, assuming (without deciding) assault with intent to commit incest is included within incest, it was proper here not to submit it to the jury because "there was no evidence of any offense other than the completed one." This conclusion is reached because the girl's testimony "showed the act to have been completed" and the defendant denied having completed or attempted the act. Such testimony in statutory rape cases has not been regarded as sufficient basis for not submitting assault with intent to commit rape. On the contrary, the fact that a prosecutrix was of tender years and therefore might not understand the nature of the completed act to which she testified, coupled with a defendant's denial, might raise a reasonable doubt that the higher crime was committed and justify a verdict of guilty of assault with intent to commit the crime. In State v. Hoaglin, 207 Iowa 744, 755, 223 N. W. 548, 553, the prosecutrix testified to the completed act and the defendant denied any attempt and "any impropriety toward the prosecutrix," yet we held assault with intent to rape was properly submitted. See, also, State v. Blair, 209 Iowa 229, 223 N. W. 554; State v. Blackburn, 136 Iowa 743, 751, 752, 114 N. W. 531.

It is to be conceded that in some incest cases there might

be no basis in the evidence for the submission of any included offense. This would result if a defendant admitted the act but denied the relationship. Doubtless there are other cases where it could be said a defendant was guilty of the offense charged if guilty at all. But this is not such a case.

I agree that it was proper, under our decisions, not to submit assault and battery or simple assault. Even though the prosecutrix could not consent to the crime charged nor to an assault with intent to commit that crime, she could lawfully consent to such acts as without her consent would constitute assault or assault and battery. If the defendant did not commit either of the two higher offenses, he did not commit either of the two lower ones—the prosecutrix under the evidence must be held to have consented thereto. State v. Beltz, 225 Iowa 155, 165, 279 N. W. 386; State v. Blair, 209 Iowa 229, 236, 223 N. W. 554; State v. Stevens, 133 Iowa 684, 686, 110 N. W. 1037.

I think the court's failure to submit assault with intent to commit incest requires a reversal.

BLISS, J., joins in this dissent.