STATE OF IOWA, appellee, v. RAY SPRIDGEN, appellant.

No. 47560.

(Reported in 43 N.W.2d 192)

June 13, 1950.

Charles P. Howard, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and A. V. Hass, County Attorney, for appellee.

SMITH, J.—Defendant, age fifty-one, was charged with incest alleged to have been committed with his stepdaughter, Anna Rose Tyler, age fifteen years. He was married to prosecutrix's mother a little more than three years before the alleged commission of the act. The girl's mother had been married and divorced twice before her marriage to defendant.

Defendant assigns six errors but makes no specific argument on any one of them. In fact, it is difficult to know from

the argument just what points are really relied on for reversal.

The State's witnesses were the girl, her mother and a doctor. The girl, Anna Rose Tyler, testified to two acts, one in June, the other about October 9, 1948. There is some suggestion of force on the first occasion. "He threw me down and we had sexual intercourse. After he was through, he told me if I ever told he would kill me, so I never told anyone."

She said the other time: "He started to throw me down. I said I didn't want to. He said, 'you done it once it won't hurt you to do it again.' I said it will. He said, 'I have got you now' and had intercourse with me then * * *."

Defendant's wife testified to having seen some lascivious acts of defendant toward her daughter on two occasions. It appears from the testimony of prosecutrix and a medical witness that she was, on March 19, 1949, found to be pregnant "probably five months."

Defendant pleaded not guilty and testified, "I * * * never had sexual intercourse with her [prosecutrix] at any time." He did not otherwise deny or explain the circumstances testified to. Five witnesses testified to his good "general moral reputation and character." On rebuttal the sheriff of Lucas County said it was "not good."

Verdict of guilty was returned and judgment rendered thereon from which this appeal is taken.

██ ██ I. Defendant attempted to introduce court files in the cases of State of Iowa v. M. J. Mitchell (a former husband of his wife) and Fay Spridgen v. Ray Spridgen, a pending divorce suit between his wife and himself. It is claimed that in the first his wife filed criminal proceedings against her then husband; and that in the present prosecution she is seeking evidence to aid her in the pending divorce proceedings.

The trial court correctly sustained objection to the offer of these court files. The fact of the pending divorce case was admissible to show her interest as bearing on her credibility as a witness, but it had already been shown upon her cross-examination. The entire court file was unnecessary to show it. As to the criminal case against the former husband we see no relevancy or materiality in the court files or in the fact she instituted the proceedings.

■ II. There is no merit in defendant's contention that a verdict should have been directed in his favor. The relationship between defendant and his stepdaughter is clearly within the statutory definition of the crime charged. See sections 704.1 and 595.19, Code of 1946; Lockerby v. Hollowell, 210 Iowa 623, 231 N.W. 375. The commission of the act is testified to by the prosecutrix. If her testimony was competent there can be no doubt of the sufficiency of the evidence to create a jury question.

■ It is urged in the motion to direct, but not argued here, that prosecutrix was an accomplice whose testimony (under section 782.5, Code of 1946) needed corroboration tending to connect defendant with the commission of the alleged act and that such corroboration was wanting. The undisputed testimony shows the girl was just over fifteen when the second act was alleged to have been committed. Under the law, a girl of that age is incapable of consenting (section 698.1, Code of 1946) and cannot be an accomplice. State v. Goodsell, 138 Iowa 504, 116 N.W. 605; State v. Pelser, 182 Iowa 1, 13, 163 N.W. 600; State v. Sparks, 167 Iowa 746, 750, 149 N.W. 871.

The court instructed that if prosecutrix was found to be under the age of sixteen she could not legally consent to intercourse and could not be an accomplice, but that if over sixteen and consenting she would be an accomplice; and that the burden was on the State to prove her under that age, or, if sixteen or over, to prove that she did not consent.

Defendant's counsel, by not arguing the assignment, evidently concluded there was no error in the court's instructions and refusal to direct verdict. We agree with such conclusion.

■ III. Defendant requested an instruction on included offenses of assault with intent to commit incest, assault and battery and simple assault. The trial court submitted only the first, omitting assault and battery and simple assault. Error is assigned on this omission but not argued.

There was no error. The State elected to rely on the claimed act of October 9, 1948. Under the evidence relating to that occasion defendant was either guilty of the higher offense or none at all. See State v. Jones, 233 Iowa 843, 10 N.W.2d 526.

■ IV. After verdict and before sentence the county attorney disclosed that prosecutrix and her mother had admitted

the girl underwent an abortion in the summer of 1947. Both had, on cross-examination, denied such an occurrence as of the summer of 1948..

Defendant's counsel thereupon asked and received permission to incorporate the county attorney's statement in the motion for new trial, which had already been overruled. The motion for new trial as thus amended was then again denied. There was no error.

The cross-examination referred (and could have been proper only as referring) to the year 1948. The admission related to the year before. In view of the variance in years the disclosure had no value for impeachment purposes. It was otherwise immaterial. It did not tend to contradict the witness' testimony and would not have justified the granting of a new trial.

▮ V. The trial court gave a cautionary instruction regarding oral declarations by the defendant and the manner and extent of their consideration by the jury. Defendant complains of this as erroneously assuming defendant had made incriminating statements, citing State v. Williams, 120 Iowa 36, 94 N.W. 255.

In the cited case the giving of the instruction (concerning the possession of recently stolen goods) was clearly prejudicial as wrongly implying there was evidence of such possession. Here, there is no such apparent prejudice. The instruction merely referred to "statements which it is claimed were made by the defendant." They are not referred to as "incriminating," nor is their nature shown.

Furthermore, a similar instruction was requested by defendant, which fact suggests to us there may have been testimony to justify it which was omitted from the abstract as deemed unnecessary to the appeal.

In any event, there was no error in complying with defendant's own request for such instruction.

We have covered all the assignments of errors, notwithstanding the shortcomings of defendant's argument. The crime charged is too serious to be answered by the naïve suggestion that defendant's only offense "was in leaning over backwards in

his effort to prove an affectionate" stepfather. A careful study of the record reveals no reversible error. The judgment is affirmed.—Affirmed.

All JUSTICES concur.