STATE OF IOWA, appellee, v. LEO W. McCALL, appellant.

No. 48310.

(Reported in 63 N.W.2d 874)

994

APRIL 7, 1954.
REHEARING DENIED JUNE 18, 1954.

Geiser, Donohue & Wilkins, of New Hampton, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Everett G. Scott, County Attorney of Fayette County, for appellee.

OLIVER, J.—Defendant was a farmer. His family consisted of his children, Letha, age fifteen years and Layton, age eleven years. He was tried, convicted and sentenced for the crime of incest with Letha. He has appealed to this court.

There was evidence defendant had sexual intercourse with Letha approximately one hundred times during the two-year period prior to and including July 21, 1952, the date of the alleged act for which defendant was tried. Letha testified defendant compelled her to submit to that act of sexual intercourse by choking her and beating her brutally, that her nose bled, her lip was cut and her head was swollen and black and blue and that defendant's fist was injured in striking her and was so swollen he was unable to use his hand for several days.

Defendant testified he took Letha to a tavern, he drank beer and she ate ice cream, she left the tavern for the car, he left the tavern about midnight and found her sitting in another automobile with a young man, the young man said something and defendant struck him, injuring his fist; after Letha and defendant arrived home they argued about the matter and defendant chastised her by slapping her twice with his open hand. He testified he never had intercourse with Letha and never talked to her about intercourse.

I. Defendant contends the court erred in overruling his motion for directed verdict, based upon the insufficiency of the evidence. One complaint is there was no proof of penetration of the female organ, which is essential to conviction of incest. State v. Judd, 132 Iowa 296, 301, 302, 109 N.W. 892, 11 Ann. Cas. 91; 42 C. J. S., Incest, section 5; 27 Am. Jur., Incest, section 2. This contention is not well founded. Letha was a bright girl, age fifteen years. She had been reared on a farm and was in the tenth grade at school. She testified she understood the meaning of the term sexual intercourse, and that defendant had sexual intercourse with her July 21, 1952. The meaning of this term is clear and is common knowledge. A dictionary definition is: sexual or carnal connection; coition. The term itself necessarily includes penetration. State v. Frazier, 54 Kan. 719, 39 P. 819; Hunley v. Commonwealth, 217 Ky. 675, 290 S.W. 511, 514; Shepherd v. State, 111 Tex. Cr. 4, 10 S.W.2d 730; State v. Haston, 64 Ariz. 72, 166 P.2d 141, 143, 144; State v. Diamond,

50 Nev. 433, 264 P. 697. The testimony above-noted, without more, was sufficient to make the question of penetration one of fact for the jury. There was also evidence her hymen had been ruptured.

Another complaint is there was no corroboration of Letha's testimony. Corroboration was not necessary. Incest is not one of the sex crimes listed in section 782.4, Code of Iowa, 1950, requiring corroboration of the testimony of the injured female. State v. Mentzer, 230 Iowa 804, 298 N.W. 893. Nor is Code section 782.5, which requires corroboration of the testimony of an accomplice, here applicable. This is because Letha, being under sixteen years of age, was legally incapable of consenting to sexual intercourse and hence could not be an accomplice to such crime. State v. Pelser, 182 Iowa 1, 13, 14, 163 N.W. 600; State v. Spridgen, 241 Iowa 828, 831, 43 N.W.2d 192. Letha's testimony was not incredible and was supported by other evidence and circumstances in the record. We hold it was sufficient to require submission to the jury of the case against defendant.

II. The indictment accuses defendant of the crime of incest in violation of section 704.1 of the Code and charges defendant, on or about July 21, 1952, "committed incest with his daughter, Letha McCall." The court submitted to the jury the offense of incest only. Defendant assigns as error the failure to submit also assault with intent to commit incest, assault and battery and simple assault, which defendant contends are included in the charge.

State v. Jones, 233 Iowa 843, 847, 10 N.W.2d 526, 528, considers the question of included offenses in a charge of incest. It concedes "some states have held that there is such an offense as assault with intent to commit incest." Perhaps this concession is too broad. The decisions and texts refer to an offense of "attempt to commit incest." State v. Winslow, 30 Utah 403, 407, 85 P. 433, 435, 8 Ann. Cas. 908, 909; People v. Murray, 14 Cal. 159; People v. Gleason, 99 Cal. 359, 33 P. 1111, 37 Am. St. Rep. 56; Cox v. People, 82 Ill. 191; State v. McGilvery, 20 Wash. 240, 55 P. 115; 27 Am. Jur., Incest, section 8; 42 C. J. S., Incest, section 9; 16 Am. and Eng. Ency. of Law, Second Ed., page 141. See also 75 C. J. S., Rape, section 20.

██ Whether an assault with intent to commit would be the same as an attempt to commit appears questionable. State v. Western, 210 Iowa 745, 231 N.W. 657. People v. Rupp, 41 Cal.2d 371, 260 P.2d 1, 7, states an assault with intent to commit a crime necessarily embraces an attempt to commit said crime but said attempt does not necessarily include an assault. See also State v. Murbach, 55 N. D. 846, 215 N.W. 552.

State v. Jones, supra, 233 Iowa 843, 10 N.W.2d 526, stated the question whether assault with intent to commit incest should be submitted to the jury had never arisen in this state and could not arise under the evidence in that case, which showed the act had been completed in every detail required by law to constitute the offense. It held, also, the court was not required to submit the (lesser) included offenses of assault and battery and simple assault, since it appeared the child with whom the crime was committed could and did consent to the touching or fondling of her person. In State v. Spridgen, 241 Iowa 828, 43 N.W.2d 192, error was assigned to the refusal to instruct on assault and battery and simple assault in the trial of an incest case. In affirming the judgment of conviction, the court held the evidence showed defendant was guilty of incest or of no crime, citing State v. Jones, supra.

The statute on included offenses, Code section 785.6, provides: "* * * the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

██ The rule is that two factors must combine to require the submission to the jury of the included offense: (1) The so-called included offense must be *necessarily included* in the offense charged, and (2) the record must contain evidence justifying a finding by the jury of such included charge, rather than of some higher offense. State v. Johnson, 221 Iowa 8, 11, 12, 264 N.W. 596, 267 N.W. 91; State v. Jones, supra, 233 Iowa 843, 845, 10 N.W.2d 526. Our discussion here will be directed primarily to (1) whether the lesser offenses are necessarily included in the offense charged in the indictment or information. As pointed out in State v. Hoaglin, 207 Iowa 744, 754, 223 N.W. 548, 552: "Much of the confusion in our previous cases has arisen from a failure to distinguish between the abstract question

of what is an included offense in the charge of rape, and the question of when included offenses should, under the evidence in the case, be submitted."

State v. Marshall, 206 Iowa 373, 375, 376, 220 N.W. 106, states: "* * * where the minor offense is necessarily an elementary part of the greater, then the minor offense is included in the greater."

In State v. Costello, 200 Iowa 313, 316, 202 N.W. 212, 213, the court instructed upon assault and battery as an included offense in an indictment for assault with intent to commit great bodily injury. This was held incorrect, because, although the evidence did show acts constituting assault and battery, "there was no charge in the indictment of any act which could constitute an assault and battery."

The language of the statute "necessarily included" in the offense charged is explicit and its meaning is clear. It is not enough that the evidence in some cases or in most cases would be sufficient to include the lesser offense. Our decisions involving included offenses in cases based upon indictments charging assault with intent to commit rape illustrate this. They hold an indictment for assault with intent to commit rape (in ordinary language) does not include a charge of assault and battery. The reason stated is that defendant may desist without touching the person of the female. However, the evidence in most of such cases would support a charge of assault and battery.

State v. Hoaglin, 207 Iowa 744, 752, 753, 223 N.W. 548, 551, states:

"An indictment charging assault with intent to commit rape (statutory or otherwise) charges assault, and it may be so drawn as to charge assault and battery. Whether or not the indictment for assault with intent to commit rape charges assault and battery will depend solely upon the wording of the indictment. * * *

"It is obvious that, where an indictment for assault with intent to commit rape fails to charge a battery, then it would be improper for the court to submit to the jury the crime of assault and battery."

State v. Ellington, 200 Iowa 636, 639, 204 N.W. 307, 309, states: "Where the charge is assault with intent to rape, assault and battery need not be submitted unless the indictment charges force."

In the language of State v. Desmond, 109 Iowa 72, 79, 80, 80 N.W. 214, 216, "* * * it must be averred in the indictment that the attempt was accompanied by some actual violence to the person of the woman."

Giles v. United States, 9 Cir., Alaska, 144 F.2d 860, 861, quotes: " 'To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' House v. State, 186 Ind. 593, 117 N.E. 647." State v. Petty, 73 Idaho 136, 248 P.2d 218, 219, states where an offense cannot be committed without necessarily including another offense, the latter is a necessarily included offense. Similar definitions appear in People v. Whitlow, 113 Cal. App.2d 804, 249 P.2d 35, 36, 37; in 42 C. J. S., Indictments and Informations, section 273; and in 27 Am. Jur., Indictments and Informations, section 105.

Many appeals in rape cases have been before this court and the rules governing such cases are better settled than those applicable to most other sex offenses. Consequently there have been attempts to apply to some other sex cases, doctrines formulated in rape cases. The indiscriminate employment of this procedure would be unsound because of fundamental differences in the various kinds of sex cases. In the case at bar the assignment of error for failure to instruct the jury on the claimed included offenses of assault with intent to commit incest apparently assumes the same offenses are "necessarily included" in a charge of incest as in a charge of rape. This assumption is erroneous.

Chapter 698, Code of 1950, is entitled Rape, although this term is not used in defining that offense. Code section 698.1 provides: "If any person ravish and carnally know any female by force or against her will", etc., he shall be imprisoned, etc. The word "ravish" in itself means carnal knowledge of a female by force and against her consent. Rape is basically a crime of force perpetrated upon a female. It is always against her con-

sent, either actual or conclusively presumed, as in the case of a female under the age of consent.

In State v. Hoaglin, 207 Iowa 744, 223 N.W. 548, defendant was charged with statutory rape and was convicted of assault with intent to commit rape. That is a leading case on the subject of included offenses in rape cases. It reviews many decisions and holds an indictment charging rape necessarily includes: (1) Assault with intent to commit rape (2) assault and battery, and (3) simple assault. The decision discusses these lesser offenses and the reasons for holding them necessarily included in the charge of (statutory) rape there involved.

The crime of incest is fundamentally different from rape. Code section 704.1 provides: "If any persons, being within the degrees of consanguinity or affinity in which marriages are declared by law to be void, carnally know each other, they shall be guilty of incest * * *." In short, incest is sexual intercourse between persons too closely related. It is comparable with adultery, which is sexual intercourse between persons one or both of whom are married to third persons.

Incest is not essentially an offense against the person of the female. It is an offense with her. She, as well as the male, may be guilty of the offense. State v. Judd, 132 Iowa 296, 109 N.W. 892. Neither force and violence nor lack of consent is an essential element of that offense. State v. Jones, supra, 233 Iowa 843, 845, 10 N.W.2d 526. Nor is assault an essential element. Both male and female may voluntarily participate in the offense. They may commit it in cohabiting together as husband and wife. See State v. Lamb, 209 Iowa 132, 227 N.W. 830. Hence, the indictment for incest in the case at bar, which charged only that defendant committed incest with his daughter, Letha, did not necessarily include assault or assault and battery or assault with intent to commit incest, assuming, without deciding, there is such an offense. In the language of State v. Jones, supra, 233 Iowa 843, 845, 10 N.W.2d 526, 527, "Manifestly, unless in the charge there are such included crimes, they should not be submitted * * *." It follows that the failure to submit to the jury any of these so-called included offenses was not error.

III. Defendant was a witness in the trial. Upon rebuttal, over his objections, four witnesses for the State testified his general reputation for general moral character in and about the community where he lived was bad. The objections to the questions were, there was no proper foundation for the testimony and the witnesses were not competent to testify. These objections were properly overruled. Each of these witnesses testified he resided in the community, had been acquainted with defendant for many years and knew such reputation in and about said place, "at the present time." That qualified each to testify to such reputation. The testimony was admissible under section 622.18, Code of Iowa, 1950, which provides, "The general moral character of a witness may be proved for the purpose of testing his credibility." See State v. Huckelberry, 195 Iowa 13, 16, 188 N.W. 587; State v. Parsons, 206 Iowa 390, 395, 396, 220 N.W. 328; State v. Alberts, 241 Iowa 1000, 43 N.W.2d 703, and citations.

IV. Error is assigned to the failure of the court to instruct the jury that such testimony and also defendant's testimony of his previous conviction of a felony "was introduced solely for the purpose of impeachment and was to be considered by the jury solely for the purpose of testing the credibility of the defendant." The jury was given a general instruction to the effect that a witness may be impeached by disproving his testimony, showing his bad general reputation for moral character in the neighborhood or his previous conviction of a felony and if the jury believes a witness has been successfully impeached it may consider that and give to his testimony such weight as it believes the same is justly entitled to under all evidence and may disregard his entire testimony unless it has been corroborated.

Defendant does not contend any part of that instruction was incorrect. Nor did he request any instructions. Under the circumstances this court will not determine whether a more specific instruction should have been given. State v. Olds, 106 Iowa 110, 114, 115, 76 N.W. 644; State v. Anderson, 240 Iowa 1090, 1099, 1100, 38 N.W.2d 662; State v. Johnson, 223 Iowa 962, 968, 969, 274 N.W. 41.

No error appears here.

V. Complaint is made that the definition of a "reasonable doubt" in the fourth instruction did not include a doubt arising through want or lack of evidence. The instruction states: "A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence * * *." Having thus referred to the lack or failure of evidence it was unnecessary to repeat that language at other places in the fourth instruction. State v. Billberg, 229 Iowa 1208, 1222, 296 N.W. 396, 403; State v. King, 232 Iowa 16, 19, 20, 4 N.W.2d 244, and citations.

The complaint is not meritorious.

VI. Error is assigned to subdivisions 2 and 4 of Instruction No. 8 which lists the propositions the State must establish to justify a verdict of guilty. Subdivision 2 states: "That the defendant did have sexual intercourse with the said Letha McCall." Instruction No. 5 states the statutes "provide that if any man carnally know, that is, have sexual intercourse with, his daughter, he shall be guilty of the crime of incest * * *." The criticism of subdivision 2 is that the instructions did not define sexual intercourse or require penetration of the female organ. This presents questions already answered in the first division of this opinion which states, the meaning of the term sexual intercourse is clear and is common knowledge; a dictionary definition is: sexual or carnal connection; coition; the term itself necessarily includes penetration. Hence, additional definitions or explanations were not required.

Subdivision 4 of Instruction No. 8 required the State to prove: "That said act of incest was committed on or about the 21st day of July, 1952."

The complaint is that the instruction was misleading because the date was not limited to July 21, inasmuch as there was evidence of another act of incest on July 20.

At the close of the State's evidence defendant moved that the State be required to elect on which act of intercourse it relied and to specify the time and date thereof. Thereupon the State announced it elected to rely upon the act committed with Letha "on or about the 21st day of July, 1952, by said defendant." If the language "on or about" July 21 was misleading, defendant should have made known his objection at that time. Instead he moved for a directed verdict. Ground 1 of his motion asserted,

"That the evidence fails to show any act of intercourse took place on the 21st day of July, 1952." That ground was not as devoid of factual basis as it might appear to have been. The record indicated the act in question took place after midnight of July 21.

Defendant now contends the instruction should have stated the act of incest "was committed on the 21st day of July, 1952." The use of this language in the instruction would have left the way open for a renewal, upon appeal, of the contention made in ground 1 of the motion for directed verdict. Hence, defendant was in a position to assign error whether the instruction stated the act took place "on July 21", or "on or about July 21."

We hold subdivision 4 of Instruction No. 8 was not misleading or erroneous as contended by defendant.

■■■ VII. Two cases based upon indictments were pending against defendant, the incest case at bar, number 28881, and number 28900, for rape. The incest case was set for trial. The rape case was not set for trial. About one week before the commencement of the trial on the charge of incest the county attorney caused to be given defendant notice of additional testimony of four witnesses who had not been examined before a committing magistrate or the grand jury. This notice was headed, State of Iowa v. Leo W. McCall, but it did not contain the number or description of the case. When these witnesses were introduced defendant objected to their competency on the ground proper notice had not been given as required by section 780.10, Code of Iowa, 1950. Error is predicated upon the order overruling these objections.

The order was not erroneous. The objections were hypertechnical. It is not contended defendant was prejudiced or misled by the failure to give the number of the case. Nor does it appear reasonable that any serious doubt could have existed in the minds of defendant and his able counsel that the notice referred to the incest case which was then about to be reached for trial.

■■■ VIII. Over defendant's objections Letha was permitted to testify to many acts of sexual intercourse with defendant, other than the act of July 21, 1952, for which he was on trial. This testimony was admitted, as stated in the instructions

to the jury, "for its bearing, if any, upon the inclination and incestuous disposition, if any, of the defendant toward his daughter, Letha McCall, on or about July 21, 1952, and for the purpose of throwing light, if any, upon the relations existing between the defendant and his daughter, Letha McCall, at that time, and will not be considered by you for any other purpose." Our decisions hold such evidence may be received for the purpose stated in the instructions. State v. Pelser, 182 Iowa 1, 163 N.W. 600; State v. Judd, 132 Iowa 296, 109 N.W. 892, 11 Ann. Cas. 91; State v. Hurd, 101 Iowa 391, 70 N.W. 613. Therefore, its admission was proper.

Defendant contends also his objections to the questions asked Letha about the various acts of sexual intercourse with her father should have been sustained on the ground they called for the conclusion and opinion of the witness. This contention is not well founded. The questions called for the narration of past transactions rather than conclusions of the witness. The meaning of the term sexual intercourse is definite and commonly understood. It appears Letha understood this meaning. It was the province of the jury to determine the weight to be given this and other parts of her testimony.

Other complaints based upon the admission of or the refusal to strike testimony have been considered and the questioned orders have been found to be not erroneous or nonprejudicial.

IX. We find no prejudicial misconduct on the part of the county attorney, in his argument to the jury.—Affirmed.

BLISS, C. J., and WENNERSTRUM, SMITH, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.